BENJAMIN F. FERRISS *vs.* ROBERT SCHREINER and another.

April 11, 1890.

Livery-Stable Keeper's Lien—Surrender of Possession.—The lien given by Gen. St. 1878, *c.* 90, § 17, as amended by Laws 1885, *c.* 81, depends on possession of the property, so that if the party entitled to the lien, voluntarily, and without reservation, deliver the property to the owner, his lien is gone.

Evidence *held* to justify the findings.

Appeal by plaintiff from a judgment of the municipal court of St. Paul, and from an order refusing a new trial.

*O. H. Comfort,* for appellant.

*Otto L. Haese,* for respondent, Schreiner.

*Propping & Wislizenus,* for respondent, Rathjens.

GILFILLAN, C. J.   Replevin to recover possession of certain horses, wagons, and harness; plaintiff basing his claim of right to the possession upon a claim to a lien upon the property for boarding the horses, and storing the wagons and harness.   The property belonged to defendant Schreiner, who, on February 8, 1889, made a general assignment to defendant Rathjens for the benefit of his creditors; and the latter at once qualified, and entered on the duties of the trust.   On February 9th, he demanded the property from plaintiff, and the latter voluntarily delivered it to him.   At that time, plaintiff held the property under a claim of a lien for board and keep of the horses, and storage of the other property, amounting to $80.   These facts were found by the court below, and the evidence was sufficient to sustain the findings.

Plaintiff's lien was under Gen. St. 1878, *c.* 90, § 17, as amended by Laws 1885, *c.* 81.   The lien given by the statute was undoubtedly intended to be analogous to the common-law lien on personal property, such as the lien for alterations or repairs, in this respect —that it should depend upon possession of the property by the person claiming the lien.   The common-law lien was only a right of detention till payment of the amount to secure which the lien was

given. So, if the party entitled to the lien voluntarily parted with the possession to the owner, unless for a temporary purpose, and under an agreement to return the property, the lien—the right of detention—ceased. The plaintiff, having voluntarily surrendered the property to the owner, had no further lien on it.

Judgment affirmed.

NOTE. A motion for a reargument of this case was denied April 22, 1890.