ITASCA CEDAR & TIE COMPANY v. BRAINERD LUMBER & MERCANTILE
COMPANY and Others.[1]

November 12, 1909.

Nos. 16,351—(64).

**Lien for Storage — Log Lien.**
> The enforcement of a possessory lien under provisions of chapter 114, Laws 1907, is a cumulative remedy, not inconsistent with the log lien statute, R. L. 1905, § 3524.

Action in the district court for Crow Wing county against George A. McKinley, William G. Hoerr, Edward Austin and Brainerd Lumber & Mercantile Company to recover possession of certain property, or in case recovery of possession could not be had for $50,000, and for the sum of $10,000 as damages for the detention thereof.

The complaint alleged a certain consolidated contract between

[1] Reported in 123 N. W. 58.

plaintiff and defendant McKinley for the sale to plaintiff of certain ties, telegraph and telephone poles, and pulp wood; that plaintiff had advanced large sums of money to defendant McKinley under this contract in excess of the value of the property delivered by him to it; that defendant McKinley had in his possession at the places enumerated large quantities of ties, poles and wood, and that the value of said wood products after deducting the reasonable cost of manufacturing and loading the same and the sum defendant McKinley was entitled to receive therefor would amount to less than the amount owing plaintiff by said defendant, that all the material in said yards had been fully paid for and was the property of said plaintiff; that defendant McKinley was in default, and by reason of the default plaintiff was entitled to the possession of said property and was seized of the legal title to it and entitled to the legal possession of it, but defendants refused to turn over the possession of the property to plaintiff and unlawfully withheld possession of the same from it. The complaint also alleged that defendant McKinley obtained a yard in the city of Brainerd for the purposes specified in said contract; that a large part of said material was placed and was then in said yard, that defendant McKinley for the purpose of defrauding the plaintiff had sold and assigned the lease of the yard to the defendant Brainerd Lumber & Mercantile Company, and alleged that company took the lease with notice of plaintiff's rights and that company was a corporation controlled by defendant McKinley and on information and belief alleged that defendants Hoerr and Austin were silent partners with said McKinley in said contract.

The separate answer of defendant Brainerd Lumber & Mercantile Company set up that certain specified property had been in its possession, but was taken therefrom and delivered to plaintiff by writ of replevin in this action; that at the time the action was begun defendant corporation claimed a lien for its services in driving the property to Brainerd, and for performing labor upon it at the special instance and request of defendants McKinley and Hoerr, no part of which had been paid, and that with the consent of McKinley and Hoerr it took and kept possession thereof until such possession was taken therefrom in this action.

From an order, McClenahan, J., overruling plaintiff's demurrer to the separate answer, plaintiff appealed. Affirmed.

*H. B. Fryberger* and *H. C. Fulton,* for appellant.

*A. D. Polk,* for respondent.

LEWIS, J.

Appellant commenced this action to recover possession of certain personal property, consisting of poles, posts, ties, and other material, purchased from defendant McKinley, claimed to be in possession of the Brainerd Lumber & Mercantile Company. Respondent answered, and admitted that the timber was gotten out by McKinley under a contract with appellant, but claimed to be in possession of a portion of it at the time of the commencement of the action, and that it held the same to secure a lien for services performed in driving the property down the river, taking it up from the water, and piling, sorting, and otherwise preparing it for market. To this answer appellant demurred, on the ground that it did not state facts sufficient to constitute a defense.

The demurrer raises the single question whether a corporation such as this respondent is entitled to a possessory lien for driving, piling, trimming, and sorting timber products under the provisions of chapter 328, p. 515, Laws 1905, as amended by chapter 114, p. 123, Laws 1907. Chapter 114 provides that whoever, at the request of the owner or legal possessor of any personal property, shall store, or care for, or contribute in any of the modes mentioned in the next section, to its preservation, care, or to the enhancement of its value, shall have a lien upon the same, but a voluntary surrender of possession shall extinguish the lien. By section 2 the lien exists with respect to four different classes of property: First, transporting property from one place to another as a common carrier or otherwise; second, keeping or storing property as a warehouseman or other bailee; third, keeping and caring for domestic animals; fourth, making, altering, or repairing any article, or expending any labor, skill, or material thereon. Provision is made for the sale of the property upon notice, personally served upon the owner if he can be found within the county, or by mail.

These two chapters constitute a re-enactment and enlargement of the provisions of section 6246 and section 6247, G. S. 1894. The language is broad and comprehensive, and embraces the character of property which is the subject of this action. The answer states that the contractors, McKinley and his partner, were under agreement with appellant to drive these poles, ties, and timbers to Brainerd, to pile, trim and sort and prepare the same for market, and to load the same on the car; that respondent company, at the request of McKinley, carried out part of that contract by performing the service of taking the timber from the water and piling, trimming, sorting, and preparing it for the market. This work was fairly within the language of the statute. It was altering and expending labor upon it in order to prepare it for the market. Sections 3524–3540, R. L. 1905, provide for a lien by those who perform manual labor, or other personal services for hire, upon this class of property. Conceding, without deciding, that this statutory remedy was open to respondent, although a corporation, it was not the exclusive remedy. The log lien act provides a remedy for all persons contributing labor, and possession of the property is not a requisite to the establishment of the lien; whereas by chapter 114, p. 123, Laws 1907, possession is the essential feature to constitute a lien. Provision under section 3524 for all those who perform manual services without reference to possession, and under chapter 114 for parties, including corporations, by enforcement of a possessory lien, was within the legislative discretion.

Affirmed.