### BETSY M. GORDON v. I. L. FREEMAN.[1]

December 9, 1910.

Nos. 16,712—(59).

**Appeal from justice of the peace to district court.**
 Under the provisions of R. L. 1905, an appeal from the judgment of a justice of the peace holding his office in a village incorporated pursuant to chapter 146, Laws 1891, is properly taken to the district court.

[1] Reported in 128 N. W. 834, 1118.

**Inconsistent defenses.**

Answer construed, and *held* not to contain inconsistent defenses.

**Verdict for defendant — refusal to submit question of special damage.**

The jury having found for defendant as to general damages, plaintiff cannot predicate error because of the refusal of the court to permit a recovery for special damages.

**Thresher's lien.**

A thresher, retaining in his possession part of the grain threshed as security for the payment of his charges, may have a lien upon the grain so retained without proceeding in accordance with sections 3546, 3547, R. L. 1905.

**Same.**

Such lien is not lost by depositing the grain in an elevator.

**Verdict supported by evidence.**

Evidence examined, and *held* to justify the rulings of the court and verdict of the jury.

Action begun in justice court to recover $95.70 damages for wilfully and maliciously taking certain grain from plaintiff's premises and converting it to his own use. The justice entered judgment in favor of defendant for $64.71. From the judgment, plaintiff appealed to the district court for Fillmore county. The case was there tried before Kingsley, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion to set aside the verdict and for a new trial, she appealed. Affirmed.

*H. S. Bassett* and *Ludvig Gullickson,* for appellant.

*S. C. Pattridge,* for respondent.

O'BRIEN, J.

Plaintiff, as owner, executed a farm lease of certain land to one Goudy, who cultivated a crop of grain thereon and employed defendant to thresh the same. The lease provided for the sharing of the crop between plaintiff and her tenant, each to bear a proper proportion of the threshing bill. The grain was divided between them at the machine as it was threshed. Of the grain assigned to plaintiff, defendant retained in his possession certain barley as security for the payment of plaintiff's share of his claim for threshing, deposited the barley in an elevator, and took a receipt therefor. ·Defendant's.

original claim was $9.72, and the cost of hauling the grain to the elevator was eighty cents, making a total of $10.52. Plaintiff claimed that almost immediately after the taking of the barley by defendant she made to him a sufficient tender of the just amount of his claim, and that the tender was subsequently repeated. Defendant refused to surrender the barley, and plaintiff brought this action in justice court to recover the value of the barley and additional damages for its wrongful detention, including certain of her expenses in seeking its return. Judgment for defendant was entered. Plaintiff appealed to the district court, and after a trial the jury returned a verdict in favor of defendant. Plaintiff appeals from an order denying a new trial.

1. Defendant has submitted a preliminary motion to dismiss this appeal, upon the ground that the appeal from the justice court should have been taken to the municipal court of the village of Spring Valley, in which the justice court was situated, instead of to the district court; that the district court had no jurisdiction of the appeal, and should have granted defendant's motion to dismiss the appeal. This contention of defendant is based upon the provisions of chapter 146, p. 236, Laws 1891, establishing municipal courts in villages of the class to which the village of Spring Valley belongs. That act, which was expressly repealed by section 5539, R. L. 1905, provided (p. 276, section 28, subc. 11) that appeals from justice courts in the village should be taken to the municipal court. It is claimed by defendant that section 698, R. L. 1905, provided for the continuance of village charters, and section 124, R. L. 1905, confirming and continuing the jurisdiction of municipal courts, perpetuated section 28.

It is settled that statutory provisions establishing municipal courts do not constitute any part of the charter of the municipality in which the court is situated. State v. Porter, 53 Minn. 279, 55 N. W. 134; Jackson v. Board of Education, supra, page 167, 127 N. W. 569; State v. Fleming, supra, page 136, 127 N. W. 473. Section 698, R. L. 1905, therefore, does not apply. Section 124, R. L. 1905, relates exclusively to the jurisdiction, practice, and procedure in municipal courts, and unless the section is to be extended so as to apply to appeals from justices of the peace, it is difficult to see how it can be

held to perpetuate section 28, subc. 11, c. 146, Laws 1891. Without attempting to discuss the original validity of the section last mentioned, and without considering the propriety of presenting here this question by a motion to dismiss, we hold the appeal was properly taken to the district court. This holding, however, must be understood as applying to the particular laws and tribunals referred to.

2. Defendant in his answer alleged he retained the grain under and by virtue of his lien for threshing "all of plaintiff's share of said oats and barley," and alleged, further, the delivery to plaintiff of the balance of her share of the grain upon condition that defendant had a lien upon the amount kept, to which plaintiff consented. Plaintiff, claiming these two statements to be inconsistent and the pleading of inconsistent defenses, moved that defendant be required to elect between them. The claims were not inconsistent, and the motion, was properly overruled. Minneapolis Threshing Machine Co. v. Peters, supra, page 429, 128 N. W. 578.

3. The court struck from the complaint the claims for additional damages incurred by plaintiff in seeking to recover the grain. In view of the fact that the jury returned a verdict for the defendant, it is not necessary to discuss the propriety of this ruling.

4. Defendant did not attempt to perfect a thresher's lien under sections 3546, 3547, R. L. 1905. Notwithstanding this, the court held that defendant had a lien upon the grain so retained by him for the cost of threshing the same and his additional expenses in caring for it. We think the correctness of this ruling is settled by the decision of this court in Itasca Cedar & Tie Co. v. Brainerd Lumber & Mercantile Co., 109 Minn. 120, 123 N. W. 58.

5. It is argued that, even if defendant had a possessory lien, he lost it by depositing the grain in the elevator.[1] This is not an action for the possession of personal property, but one in which plaintiff seeks damages for its conversion. In order that plaintiff could recover, it was necessary for her to show herself to be entitled to the possession of the property. If at any time she becomes entitled to possession, and delivery is not made to her, she may assert her rights as they then exist; but, the jury having found she was not entitled·

[1]See opinion on page 486, infra.

to possession, she is not in a position to question the propriety of defendant's conduct with reference to the custody of the property. Had plaintiff ever come into possession, a different question would be presented, as such fact might have ended defendant's lien.

6. An examination of the evidence with reference to the tenders of payment by and on behalf of plaintiff convinces us that the court correctly ruled that the tender claimed to have been made on plaintiff's behalf by the banker with whom she deposited the amount of the original claim was not a sufficient tender of payment, and that the trial court correctly submitted to the jury the sufficiency of the tender claimed to have been personally made by the plaintiff to the defendant. The finding of the jury was to the effect that defendant's version of this transaction was true. If so, there was no sufficient tender. The evidence upon this point was conflicting, and was sufficient to sustain the finding.

7. Error is alleged because of the trial court's ruling that plaintiff and Goudy were tenants in common of the grain. We think this was entirely immaterial, and are unable to see how any prejudice resulted to plaintiff. If the title was jointly in the plaintiff and her tenant, the lien could be enforced; and we see no reason why it could not be enforced, whether the title to this particular grain was solely in plaintiff or in the tenant.

Order affirmed.

On December 30, 1910, the following opinion was filed:

PER CURIAM.

In the opinion filed in this case it was said (paragraph 5) defendant did not lose his lien by depositing the grain in the elevator. The reasoning on which this statement was based was probably wrong. Adams v. Castle, 64 Minn. 505, 67 N. W. 637. But the conclusion was correct. Section 2092, R. L. 1905, which is a perpetuation of chapter 86, Laws 1876, declares the delivery of grain to a warehouse for storage, although mingled with that of others, shall be deemed a bailment, and not a sale. Possession of the warehouse receipt is constructive possession of the property, and many decisions of this

court establish the correctness of the trial court's ruling in this respect. National Exch. Bank v. Wilder, 34 Minn. 149, 24 N. W. 699; Eggers v. National Bank of Commerce, 40 Minn. 182, 41 N. W. 971; Herrick v. Barnes, 78 Minn. 475, 81 N. W. 526; Hall v. Pillsbury, 43 Minn. 33, 44 N. W. 673, 7 L.R.A. 529, 19 Am. St. 209; Swedish-American Nat. Bank v. First Nat. Bank of Gardner, 89 Minn. 98, 94 N. W. 218, 99 Am. St. 549.

The petition for a reargument must be denied.