Rehm v. Viall, 185 Ill. App. 425.

*faciendum* issued on said judgment. From a decree dismissing his bill, complainant brings error.

WILLIAM H. SEXTON and MICHAEL F. SULLIVAN, for plaintiff in error; CHARLES J. TRAINOR, of counsel.

JOHN STELK, for defendants in error Christopher Strassheim and Michael Zimmer.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 328*—*when perjured testimony ground for new trial in equity.* Where in an action for trespass against a police officer in making an arrest, plaintiff alleged and testified that she was seriously injured and that prior to such arrest she had never been injured and had been in perfect health, on the strength of which she recovered a judgment for one thousand five hundred, a bill in equity for a new trial will be sustained on proof that plaintiff's testimony was perjured, and that several years previously, in an action against another, she had testified to identical injuries as the result of a street car accident, due diligence on complainant's part being shown.

---

### John Rehm, Defendant in Error, v. Clarence S. Viall, Plaintiff in Error.

### Gen. No. 18,555. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 11, 1914.

### Statement of the Case.

Action in replevin by John Rehm against Clarence S. Viall to recover possession of an automobile under a chattel mortgage given by one William O. Foster to

*See **Illinois Notes Digest**, Vols. XI to XV, same topic and section number.

secure the payment of part of the purchase price. Defendant claimed a lien on the machine for repairs thereon, for oil and supplies furnished the owner, and for care and keeping the same in his garage. From a judgment for plaintiff, defendant brings error.

JOHN C. TRAINOR, for plaintiff in error.

ISAIAH CAMPBELL, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 5*—when proprietor of garage not entitled to a lien. The proprietor of a garage is not entitled to a lien on an automobile for keeping and caring for same in his garage, nor for supplies such as gasoline and oil furnished by him to the owner while the machine was being kept in the garage.

2. CHATTEL MORTGAGES, § 161*—priority as against mechanics' liens. While a mortgagor cannot by contract create a lien in behalf of a mechanic so as to give it priority over a previously recorded chattel mortgage, the mortgagee's authority for the creation of such a lien may be implied where the property is to be retained and used by the mortgagor, and is of such a character as to involve the occasion for the making of ordinary repairs thereto as a reasonable incident to its reasonable and customary use.

3. MECHANICS' LIENS, § 125*—when may be asserted against third persons. The common-law lien of a mechanic or artisan on a chattel can be asserted against a third person only when the property is retained in the actual and continuous possession of the lien claimant, his agent or servant.

4. MECHANICS' LIENS, § 135*—when surrender of possession does not waive lien on chattel. As between the immediate parties, a change of possession does not defeat the right of a mechanic claiming a lien on personalty to assert his lien, unless by surrendering possession he can fairly be understood as waiving his lien.

5. AUTOMOBILES AND GARAGES, § 5*—when proprietor of garage waives lien for repairs. The proprietor of a garage claiming a lien on an automobile for repairs loses his right to assert such lien against a previously recorded chattel mortgage by surrendering the machine to the mortgagor.