## NORTHERN TIMBER PRODUCTS COMPANY v. STONE-ORDEAN-WELLS COMPANY.[1]

January 14, 1921.

No. 22,047.

**Execution — title to property levied on — verdict sustained.**
1. In an action to recover the value of certain timber alleged to have been wrongfully levied upon and sold on execution at the suit of defendant, it is *held* that the evidence supports the verdict to the effect that the execution debtor owned the property, that the claim of title asserted by plaintiff was fraudulent and void, and that the record presents no reversible error.

**Verdict rendered evidence as to ownership harmless.**
2. The general verdict for defendant on the principal issue in the case, namely, the ownership of the property, rendered the admission of certain immaterial evidence bearing upon a collateral issue harmless and without prejudice.

Action in the district court for Hennepin county to recover $31,150 for conversion and $10 per month rental. The case was tried before Dancer, J., who when plaintiff rested granted defendant's motion to dismiss the first cause of action, and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Everett J. Mohl* and *Charles T. Wetherby,* for appellant.
*Courtney & Courtney,* for respondent.

BROWN, C. J.
The facts in this case, so far as material to an understanding of the questions involved on the appeal, are substantially as follows: Defendant, a corporation, brought suit against A. M. Eklund and C. A. Weatherby, copartners under the firm name of Eklund & Weatherby, in the district court of St. Louis county to recover upon an indebtedness due from

[1]Reported in 180 N. W. 920.

them which they had failed to pay. At the time the action was so commenced a writ of attachment was sued out, under which the timber products involved in this action were attached by the sheriff of Roseau county, wherein the property was located. The levy under the attachment was made on August 3, 1918. Judgment was rendered in the action, in favor of plaintiff therein, for the amount demanded in the complaint with interest and costs of suit on September 9, 1918. Execution was duly issued thereon, directed to the sheriff of Roseau county, by virtue of which the timber products so attached were formally levied upon, and in due course of procedure subsequently sold by the sheriff, defendant herein being the purchaser.

Plaintiff in this action claimed to own the property, and, by proper affidavit and demand for the possession thereof, made known its claim subsequent to the attachment and before the execution sale. Plaintiff thereafter brought this action to recover as for a wrongful conversion of the property, alleging in the complaint: (1) The ownership of plaintiff and the value of the property; (2) that the attachment proceedings referred to were conducted by defendant maliciously, and with intent to injure plaintiff, well knowing of its ownership of the property; and (3) that a part of the property after the execution remained upon the premises of plaintiff, with an allegation of the rental value thereof. The demand for judgment was for the value of the property, exemplary damages for the malicious act in suing out the attachment, and the value of the use of the premises on which a part of the property so remained after the execution sale.

Defendant put in issue the allegations of the complaint, including plaintiff's asserted title to the property, alleging further that the claim of title was fraudulent and void as to creditors, and in any event that plaintiff was estopped from asserting the same as against defendant; and lastly, that the timber was permitted to remain upon the premises where sold with the permission of plaintiff, and on the understanding that no charge would be made therefor. Plaintiff in reply denied the allegations of new matter found in the answer.

The issues thus presented were all litigated on the trial, a large amount of evidence being introduced by both parties, and the jury reported a general verdict for defendant. Plaintiff moved for a new trial and ap-

pealed from an order denying the same. The assignments of error present the general questions whether the verdict is supported by the evidence and whether any reversible errors were committed on the trial, either in the admission or exclusion of evidence or in the instructions or refusals to instruct the jury.

1. We have fully read and considered the record, and find therein ample evidence to support the verdict upon all issues in the case. It appears that Eklund & Weatherby were engaged in lumbering operations in the vicinity of the Lake of the Woods during the season of 1917 and 1918. They were without sufficient funds to carry on their operations for that season, and applied to defendant, wholesale dealers at Duluth, for credit to the extent of necessary supplies to run their camp. The credit was extended, and the amount advanced them, less a partial payment, was the basis of the attachment suit. They got out the timber in question during that season, and it was subsequently transported from the field of operations across the lake to Warroad, where it was in piles when attached by the sheriff. The evidence makes it clear that the timber levied upon and sold, except some 200 logs in the yard at Warroad which represented the remnant of previous operations, was the identical timber which Eklund & Weatherby cut or otherwise acquired and shipped during the season of 1917 and 1918. If it belonged to them it was properly taken by the sheriff.

Plaintiff claims title to the timber through a verbal agreement made with Eklund & Weatherby in February, 1918, during the time when the timber was being cut and prepared for market, whereby the whole season's output was sold to plaintiff in consideration of the advancement of funds to pay the help in the employ of Eklund & Weatherby. That the agreement was entered into and the money advanced was testified to by witnesses called by plaintiff. It further appears that three days subsequent to the levy of the attachment Eklund, acting for the firm of Eklund & Weatherby, executed to plaintiff a bill of sale of the timber. But the bill of sale is of no special importance, it was subsequent in time to the attachment, and plaintiff's title and right to the property is predicated on the verbal agreement of sale, of which, if made at all, the bill of sale was merely confirmatory. Plaintiff is a corporation, and its affairs were conducted by officers and agents chosen for the purpose. The

evidence tends to show that Eklund & Weatherby were promoters and organizers of the company and were officers thereof assisting in conducting its business affairs at the times here involved. It is claimed that the two concerns were practically one and operating conjointly in this and other timber transactions, and evidence to that effect was received. Eklund was secretary and Weatherby treasurer of the company. The partnership and corporation occupied the same office at Duluth. The verbal transaction relied upon by plaintiff took place between one Lange, representing the corporation, and Weatherby, its treasurer, representing the copartnership.

There was evidence also tending to show that the officers of plaintiff made certain declarations and statements to the effect that the copartnership of Eklund & Weatherby owned the timber; such declarations and statements having been made to one of the managing officers of defendant prior to the levy of the attachment, upon which reliance might well have been made in causing the timber to be attached in the suit against the partners. The admission of the evidence is assigned as error. It was clearly admissible. The statements were made by agents of plaintiff, and the evidence was not rendered inadmissible because the declarants were also agents or members of the partnership; the witness Lange, whose testimony was relied upon in this respect, was not a member of the partnership, but, in all his negotiations with plaintiff in reference to the timber and the Eklund & Weatherby debt to defendant, he represented plaintiff as one of its managing officers. Though his testimony was not direct and explicit, it tended to support the contention of defendant that plaintiff did not in fact own the timber.

It also appears that the levy under the attachment included some 200 or more logs, which are heretofore referred to as remnants of former logging operations. But they were subsequently released from the attachment as well as the levy under the execution; they were not sold by the sheriff. That they were so released and turned back the evidence leaves no doubt. The contention of plaintiff that they were not turned back to plaintiff, but to Eklund & Weatherby, who plaintiff claims had no interest therein, is a strained effort in the construction of the evidence. The logs were scattered about in the yards at Warroad where the other timber was piled; yards concededly under the control of plaintiff. But

they were not disturbed by the sheriff in making the attachment and remained in the yards after the release of the levy as they were at the time thereof, to be claimed by plaintiff if it owned them, or by Eklund & Weatherby if they owned them.

All this evidence, given in great detail in the record, a repetition of which in this opinion would serve no useful purpose, fully justified the submission of the issues in the case to the jury. Therefrom the jury could well have found that the alleged verbal agreement between Eklund & Weatherby and plaintiff for a sale of the winter's cut of logs to plaintiff was an afterthought, conjured up by those jointly interested in those logging operations, and to hinder and prevent defendant from resorting to the timber in the collection of their account for supplies. The jury could also have found such conduct on the part of the officers and agents of plaintiff, in the declarations already referred to, and in the failure to assert rights in plaintiff when confronted with knowledge that defendant intended to proceed against the timber, as to wholly discredit the subsequent assertion of title, or to estop plaintiff from claiming the property as its own. The trial court was therefore right in upholding the verdict.

2. This disposes of the case on the merits and it only remains to inquire whether any errors were committed during the trial to justify or require a reversal of the order appealed from. We have fully considered the assignments of error in this respect and find no prejudicial or reversible error. It may be conceded that some immaterial evidence was offered and received, but it was of no special significance and wholly without prejudice. Plaintiff claimed special damages on the allegation that the attachment was maliciously sued out. In attempted rebuttal of the claim of malice, and as showing good faith, defendant was permitted to show that it was generally understood in the community that Eklund & Weatherby owned the timber. If it be conceded that the evidence was inadmissible there was no prejudice in the ruling admitting it. The court charged the jury clearly and distinctly that, if plaintiff was the owner of the property, they should return a verdict in its favor for the value thereof with such special damage as might be deemed just. But that, if plaintiff was not the owner, then defendant should have their verdict. The verdict for defendant rendered the ques-

tion of special damage wholly immaterial, and the rulings of the court in the admission or exclusion of evidence thereon equally so. Gordon v. Freeman, 112 Minn. 482, 128 N. W. 834, 1118; Home Ins. Co. v. Chicago, St. P., M. & O. Ry. Co. 146 Minn. 240, 178 N. W. 608.

For reasons already stated the declarations and admissions of Eklund, Weatherby and Lange, on the subject of the ownership of the timber, were properly admitted. The instructions of the court were full and complete and clearly covered every feature of the case and are entirely free from error. The contention that plaintiff should have had a directed verdict for the ground rent, or value of the use of the premises on which the timber was stored and remained after the sale, is without special merit. The evidence shows a settlement and adjustment of that matter in the payment by defendant of the value of the use of a derrick belonging to plaintiff and which defendant was permitted to use in loading the timber upon cars for shipment; plaintiff's representative agreed to accept that in full and waive the ground rent. While this was denied by plaintiff, the testimony on the point presented a question of fact for the jury.

3. After the jury had been fully instructed by the trial court and had retired to their room, the court, in the absence of counsel, of its own motion recalled them for further instructions. The propriety of this practice was doubted in Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45, where it was said that, though the court is not obliged to notify counsel, the usual custom of trial courts to do so was approved. As in that case we find from the additional instructions here given no error of a character to require a reversal. The colloquy between the court and one of the jurors in this instance illustrates the propriety of the presence of counsel on such occasions to protect the rights of the client. But no rights were here prejudiced, and we hold that no error was committed by the court in proceeding as stated.

This covers all that need be said in disposing of the case. All assignments of error have received attention, though not specifically referred to, with the result: (1) That the verdict is supported by the evidence; and (2) that the record presents no reversible error.

Order affirmed.