THE OHIO FINANCE CO. *v.* MIDDLETON ET AL.

*Liens — Priorities — Chattel mortgage, storage or work and labor — Automobiles.*

A mechanic who retains possession of an automobile after making repairs thereon at the instance of the mortgagor in possession, which repairs are necessary to preserve the usable condition of the automobile and enhance its value, has a lien thereon for such repairs superior to the holder of a duly recorded chattel mortgage.

(Decided February 17, 1921.)

ERROR: Court of Appeals for Franklin county.

*Mr. J. H. Dyer* and *Mr. William T. McClure,* for plaintiff in error.

*Mr. C. E. Justice* and *Mr. Adolph Goldfrederick,* for defendant in error.

ALLREAD, J.  This action originated in the municipal court.  The Ohio Finance Company brought an action in replevin for the possession of an Overland touring car of a certain description. The Ohio Finance Company was a mortgagee, and the action was brought against the mortgagors and Harley Varner, a mechanic, who had made repairs upon the automobile and held possession. Varner, the mechanic, claimed a lien for repairs and storage to the total amount of $59.90.  The municipal court allowed Varner's claim for repairs in the sum of $41.70 as a prior lien to the mortgages, and allowed the claim for storage as subsequent to the mortgages.  This judgment was affirmed in the court of common pleas.

The pleadings are informal and the evidence is crude.  Under the general denial of Varner we think the burden of proof rested upon plaintiff to prove its right to the possession of said property. The claim for storage was rightly held to be subordinate to the lien of the mortgage.  This court so decided in the unreported case of *Good* v. *Meyer & Mendoza,* Montgomery county, and the supreme court •on May 11, 1920, disallowed a motion to certify the record.

The real question presented is as to the priority of Varner's lien for repairs.  In the state of the record we have a right to assume that the repairs were necessary to preserve in usable condition the automobile and that said repairs enhanced its value. There was no claim that Varner at the time the repairs were made had actual notice of the mortgages. The plaintiff held under two chattel mortgages. These chattel mortgages were duly executed and filed as the law provides.  The first mortgage was conditioned to secure two promissory notes of $250 each, one due on or before three months and the other due on or before six months after date.  It was in the usual form and provided for securing possession by the mortgagee on certain conditions and that otherwise "the property is to remain in the peaceful possession of the mortgagor."  The second mortgage was conditioned to secure a note of $258.10, due on or before twelve months after date. The second mortgage does not expressly provide for possession by the mortgagor, but we think the necessary inference from its provisions is that the mortgagor had the right of possession until a default occurred.  The question presented as to the

priority of the lien of the mechanic has been fully and ably argued by counsel, and the court has made an independent investigation of the authorities.

It is a strange fact that in this state the lien of the artisan or mechanic for repairs rests almost wholly upon the common law. There is no statute to which our attention has been called regulating or defining the common law in respect to such liens. In most states, statutes have been enacted defining the lien for repairs. Many cases have been decided in different jurisdictions involving the priority of such liens over chattel mortgages. Most of these cases throw but little light upon the question involved here. The common-law lien of an artisan or mechanic is recognized in this state. That is not seriously disputed, but it is claimed that the mortgagee has priority by virtue of the chattel mortgage statute.

The common-law judges, without a statute, created and recognized the lien of the artisan or mechanic for repairs upon the property, where such artisan or mechanic retains exclusive possession. This doctrine was based upon the apparent justice of the mechanic's claim and was allowed to prevail against third parties where the repairs were made at the instance of a party having lawful possession of the property. In the various American states having recording acts courts resort to what is called the doctrine of implied consent in cases where the equity and justice would seem to require the protection of the artisan or mechanic. This doctrine is declared in what is called the "vessel and carriage cases." It is applied in cases where the mortgagee

necessarily contemplates that repairs will be made to keep the vessel or carriage in usable condition.

*Ruppert* v. *Zang,* 73 N. J. Law, 216, is a leading case, the syllabus of which is as follows:

"Where a mortgagee permits the mortgagor of chattels to retain and use them, authority is impliedly conferred upon the mortgagor to have necessary repairs done upon the chattels, and the lien of an artificer for repairs done under employment by the mortgagor will have priority over the lien of the mortgage, although the latter be duly recorded."

The opinion is by Pitney, J., who fully reviews the authorities. The case of *Drummond Carriage Co.* v. *Mills,* 54 Neb., 417, holds upon the doctrine of implied consent of the mortgagee, that a lien for repairs upon a carriage is superior to a chattel mortgage.

The case of *Rehm* v. *Viall,* 185 Ill. App., 425, states the rule as follows:

"While a mortgagor cannot by contract create a lien in behalf of a mechanic so as to give it priority over a previously recorded chattel mortgage, the mortgagee's authority for the creation of such a lien may be implied where the property is to be retained and used by the mortgagor, and is of such character as to involve the occasion for the making of ordinary repairs thereto as a reasonable incident to its reasonable and customary use."

See also *Broom & Son* v. *Dale & Sons,* 109 Miss., 52; *Reeves & Co.* v. *Russel,* 28 N. D., 265; *Watts, Trustee,* v. *Sweeney,* 127 Ind., 116; *Hammond* v. *Danielson,* 126 Mass., 294; *Lynde* v. *Parker,* 155 Mass., 481, and *Scott* v. *Delahunt,* 65 N. Y., 128.

The case of *Howes* v. *Newcomb,* 146 Mass., 76, recognizes the doctrine of implied consent and merely holds that that case did not fall within the doctrine.

The prior right of a lienholder against a true owner under the doctrine of implied consent is discussed in 3 Ruling Case Law, pages 133 and 134. In this connection it is said:

"It must not, however, be inferred that the consent of the owner of a bailment for skill or labor to be employed on an article must in all cases be given with such formalities or in such a manner as would create a personal liability on his part to pay the charges. The property being improved and enhanced in value by the workman's labor, authority to have it done on the footing of a workman's lien will be implied from circumstances which would not raise an implication of a contract to pay the charges to be enforced by a suit."

Again the author says, at page 134, Section 56:

"Thus where property which is liable to need repairs is to be retained and used by a mortgagor for a long period of time, it will be presumed to have been the intention of the parties to the mortgage that it is to be kept in repair; and when the property is machinery, or is of such a character that it must be entrusted to a mechanic or machinist to make such repairs, the mortgagor in possession will be constituted the agent of the mortgagee to procure the repairs to be made; and as such necessary repairs are for the betterment of the property, and increase its value to the gain of the mortgagee, the common-law lien in favor of the bailee for the value

of the repairs is paramount and superior to the lien of the mortgagee."

The subject of this action was an automobile touring car, and the mortgagor was to have the continued possession and use of the car during the periods prescribed for the payment of the various notes. Clearly it must have been contemplated by both the mortgagor and mortagee that the automobile would require repairs from skilled mechanics within this extended period over which the mortgagor was given the right of possession and control. We think the case fully justifies applying the doctrine of implied consent in favor of the lienholder for repairs and against the chattel mortgages.

It may be added that in the construction and application of the common-law doctrine of liens the opinion of O'Hara, J., in *Palace Hotel Co.* v. *Medart,* 87 Ohio St., 130, holding that statutes in derogation of the common law should be strictly construed, is applicable here as to a construction of the mechanics' lien statute. The doctrine of implied consent of the mortgagor does not, however, impinge upon or conflict with the chattel mortgage lien statute. The lienor holds the lien under a contract of the mortgagor with the implied consent of the mortgagee. *Scott* v. *Delahunt, supra.*

Counsel for plaintiff in error have cited the unreported case of *Keller* v. *Evans,* decided by the court of appeals of Muskingum county. That case is distinguishable because the party asserting the claim was not the mechanic or artisan, but a subsequent purchaser from the mortgagor. That court rightly held that such purchaser was bound by the doctrine of constructive notice.

The case of *Bankers Commercial Securities Co.* v. *Coffman,* 22 N. P., N. S., 193, involves a somewhat similar point and is in harmony with the views entertained by this court.

We reach the conclusion that Varner is entitled to a common-law lien for his repairs and that the same under the circumstances of this case is entitled to priority over the chattel mortgages.

*Judgment affirmed.*

FERNEDING and KUNKLE, JJ., concur.