### C. L. STEBBINS v. J. A. BALFOUR AND ANOTHER.[1]

November 16, 1923.

No. 23,539.

**Motor lien act of 1911 does not repeal possessory lien for repairs given by section 7036.**
    1. Section 7036, G. S. 1913, giving a possessory lien for work done on personal property, a lien analogous to the common law lien for like work, is not superseded or rendered inapplicable as to work done on motor vehicles by the later motor vehicle lien statute, G. S. 1913, § 7053.

**Lien given by section 7036 superior to prior chattel mortgage.**
    2. The lien given by section 7036 is intended to be superior to the lien of a prior chattel mortgage, and as so construed the statute is constitutional.

Action in replevin in the district court for Polk county to recover possession of a touring car or $500, the value thereof. The answer in-

[1]Reported in 195 N. W. 773.

terposed a claim for $123.10 for repairs thereon and for storage. The case was tried on stipulated facts before Watts, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for amended conclusions or for a new trial, defendants appealed. Reversed.

*Grady & Fosmark*, for appellants.

*A. A. Miller & L. S. Miller*, for respondent.

DIBELL, J.

Action of replevin for an automobile. There were findings for the plaintiff. The defendants appeal from the order denying their motion for a new trial.

1. On July 7, 1922, one Andrews, the owner, gave to the plaintiff a chattel mortgage on his automobile. The mortgage was duly filed. Afterwards Andrews took the automobile to the defendants in Crookston and they made repairs upon it. The last item of work was done on September 15, 1922. On November 27, 1922, the plaintiff, his chattel mortgage being due and unpaid, demanded possession. The defendants refused to deliver.

The plaintiff was entitled to possession unless defendants had a lien for the repairs. They claim a lien under G. S. 1913, §§ 7036-7040. This statute, in one form or another long a part of the statutory law of this state, gives a lien for work or material used in the repair of personal property at the request of the owner or legal possessor and is sufficient in terms to include the repairs made by the defendants. The lien is extinguished by the voluntary surrender of possession. It resembles the common law lien for repairs. Ferriss v. Schreiner, 43 Minn. 148, 44 N. W. 1083. The lienholder realizes upon his lien by a sale upon notice which the statute authorizes.

The plaintiff claims that the statute is superseded or rendered inapplicable by a later statute, Laws 1911, p. 447, c. 320, embodied in G. S. 1913, § 7053, et seq. This statute confines the lien which it gives to motor vehicles. It is not dependent on possession. The lien ceases at the end of 60 days after the last item of work, unless within such 60 days the lien claimant files a statement of the claim

in the proper office. It may be foreclosed by action within 6 months after the statement is filed, and a sale is had under the judgment similar to a sale on execution. The defendants kept possession but did not comply with the statute by filing a lien statement, and have no lien by virtue of it.

The difference between the two statutes is about this: In the first possession must be kept; it may be kept indefinitely; the lien is extinguished by a voluntary surrender of possession and the lienor's remedy to obtain payment is by a statutory sale on notice. In the later the possession need not be retained, though it may be. The lien is not lost by a surrender of possession. It is lost unless a lien claim is filed within 60 days after the last item of work. The foreclosure is by a judicial proceeding within 6 months after the filing of the lien statement.

The legislative intent is not entirely clear. We have reached the conclusion that it was not intended that the later statute should supersede the earlier one or render it inapplicable. There is nothing in the later inconsistent with the continued operation of the earlier. The motor vehicle statute was construed in Reed v. Horton, 135 Minn. 17, 159 N. W. 1080, and In re McAllister-Newgord Co. (D. C.) 193 Fed. 265. In neither was the question of the continued operation of the earlier statute involved.

The holding in Gordon v. Freeman, 112 Minn. 482, 128 N. W. 834, 1118, that section 7036 was operative to give a thresher a possessory lien, although another statute gave a threshers' lien, and the holding in Itasca Cedar & Tie Co. v. Brainerd L. & M. Co. 109 Minn. 120, 123 N. W. 58, that the same section gave a possessory lien on logs, though another statute gave a loggers' lien, support a construction in favor of the continued operation of section 7036 notwithstanding the later creation of the motor vehicle lien law.

2. The lien given by section 7036 is intended to be superior to the lien of a prior chattel mortgage, and as so construed the statute is constitutional. Monthly Instalment Loan Co. v. Skellet Co. 124 Minn. 144, 144 N. W. 750, and cases cited.

Order reversed.