## THE NEW BRITAIN REAL ESTATE AND TITLE COMPANY *vs.* FRED COLLINGTON.

First Judicial District, Hartford, May Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Where a person other than the owner places a chattel in the possession of a bailee for repairs, the bailee is not entitled to a lien for work done thereon unless it was performed at the request, or with the consent, of the owner; but such consent need not be express nor given in such a manner as to create a personal liability for payment on the part of the owner, provided it may be fairly implied from the surrounding circumstances, including the relation of the parties.

By placing an automobile in the possession of a conditional vendee for general use, the conditional vendor impliedly consents to the bailment of the car by the conditional vendee for reasonable repairs which enhance its value; and, therefore, if the conditional vendee fails to pay both the repairman's bill and the instalments due the conditional vendor, the repairman's lien is superior to the conditional vendor's right to retake possession of the car.

Under such circumstances, the conditional vendor does not become the debtor of the repairman; he is only obliged to pay the bill if he desires to recover possession of the car, and, if he does so, the amount of his payment is added to the indebtedness of the conditional vendee.

New Britain Real Estate & Title Co. *v*. Collington.

It is immaterial whether the conditional bill of sale be recorded since, owing to the transitory nature of an automobile and the impossibility of foretelling where repairs may become necessary or desirable, it would be unreasonable to charge repairmen with notice of the records in every town in the State.

The case of *Clark* v. *Hale*, 34 Conn. 398, explained and distinguished.

Argued May 7th—decided June 30th, 1925.

ACTION to recover damages for an alleged conversion of an automobile, brought to the Superior Court in Hartford County where a demurrer to the defendant's substituted answer and counterclaim was sustained (*Dickenson, J.*), and upon the defendant's refusal to plead further, judgment was rendered for the plaintiff, from which the defendant appealed. *Error and cause remanded.*

*Lewis J. Somers,* for the appellant (defendant).

*Kendall M. Pierce,* for the appellee (plaintiff).

CURTIS, J.   The complaint alleges that the Hartford-Buick Company and one Jack Sulima of New Britain, on April 22d, 1924, entered into a written contract of conditional sale, whereby Sulima secured possession of a certain Buick automobile as conditional vendee.   On the same day the Hartford-Buick Company assigned the contract to the plaintiff, who is now the owner thereof.   The conditional bill of sale was duly filed in the office of the town clerk of New Britain. Under the bill of sale a payment of $65 was due on September 22d, 1924, and also on October 22d, 1924, which payments Sulima, the vendee, failed to pay, which default made all unpaid instalments immediately due, and they amounted to $520.   Under the terms of the contract, title to the automobile was to remain in the vendor or his assigns until full payment was made, and a default in payment gave the plaintiff

the immediate right to the possession of the automobile.

The contract of conditional sale, which was made a part of the complaint, contained this provision: "6. The party of the second part will at his own expense keep said automobile in good repair and running condition and will replace any and all worn, broken or defective parts and will pay for the same as they become due, and should said party of the second part fail to pay for any labor, material or accessories that may be placed upon said automobile, said party of the first part may pay such account either before or after a claim of lien is filed and any sums so paid by said party of the first part shall be deemed to be a part of the original sum due under this contract, the same as though originally included therein."

On or about September, 1924, the defendant was in possession of the automobile, and on the plaintiff's demand refused to give it up. The defendant in his answer, after admitting the allegations of the complaint, alleged that he was the proprietor of an automobile repair shop in Meriden, and that on August 10th, 1924, Sulima was driving the automobile in question in Meriden, and became involved in an automobile collision upon the highways there, and representing to the defendant that he was the owner of the automobile, employed him to repair the car. The defendant, relying on the representation, made necessary repairs to the car reasonably valued at $348.75. For this work the defendant has not been paid and claims a lien upon the car therefor, and has retained possession of the car and refused to surrender it to the plaintiff in pursuance of such claim of lien.

To this answer the plaintiff demurred in the following terms: "The plaintiff demurs to the answer in this action because it appears by a comparison of the alle-

gations of the complaint, admitted in the answer, that the only defense set up by the defendant justifying his refusal to deliver the automobile on demand to the plaintiff is a claim of a common law lien upon the interest of the said Sulima in said automobile and upon the face of it inferior to the ownership of the plaintiff." The court sustained the demurrer, and the defendant not pleading further, judgment was duly rendered for the plaintiff.

This case presents the question whether the conditional vendee of an automobile can, upon an injury to it, contract for its repair and subject the car to a lien by the repairer for the reasonable value of the repairs, which will be superior to the claim of the conditional vendor.

In Jones on Liens, Vol. 1, § 733, after stating that "to entitle one to a lien for work done upon a chattel the work must be done at the owner's request, or with his consent," the text proceeds: "The employment [of the repairer] must be by the owner whose property is affected by the lien, or by his consent, express or implied." And in § 734, the author continues: "But the consent of the owner to a bailment of a chattel for repairs may be implied. Such consent need not be given with such formalities or in such a manner as would create a personal liability on the part of the owner to pay the charges. If the property is improved and enhanced in value by the workman's labor, the authority of the owner to have it done on the footing of a workman's lien may be implied from the relation of the parties, or from the circumstances of the case."

Does the relationship between the conditional vendor and conditional vendee of an automobile in a case where the contract of conditional sale has been duly recorded, create an implied authority on the part of

such vendee to subject the car to a repairer's lien for necessary repairs?

Under this contract of conditional sale the vendee had possession of the car with the right to unlimited use of the car.

The fact that an automobile may require repair, trivial or extensive, in towns other than that in which the conditional vendee resides, makes it impracticable to require a repairman to take notice of conditional bills of sale in every town in the State. There is no valid analogy between recorded deeds of land in the town where the land lies, and a recorded conditional sale of an automobile, which is a notoriously transitory chattel. Furthermore, it is to the advantage of both conditional vendor and vendee that necessary repairs should be made.

We are of the opinion, therefore, that the conditional vendor of an automobile, when he places it in the possession of a conditional vendee for use, impliedly consents to the bailment of the car for reasonable repairs which enhance its value, by the conditional vendee, which bailment subjects the car to a lien therefor. Such implied consent does not subject the conditional vendor to an obligation to pay the repairman, except as it may be desirable for him to do so to recover the possession of the car. The conditional vendee is the sole debtor of the repairman. If the conditional vendor pays the repairman, such sum as he pays becomes an additional indebtedness to him from the conditional vendee.

The courts in many States have held substantially to this effect, as appears in the following cases: *Guaranty Security Corp.* v. *Brophy,* 243 Mass. 597, 137 N. E. 751; *Rehm* v. *Viall,* 185 Ill. App. 425; *Ehrlich* v. *Chapple,* 228 Ill. App. 293; *White* v. *Smith,* 44 N. J. L. 105; *Cattell* v. *Rehrer,* 94 N. J. Eq. 292, 119

Atl. 374; *Terminal & Town Taxi Corp.* v. *O'Rourke,* 193 N. Y. Supp. 238; *Ohio Finance Co.* v. *Middleton,* 14 Ohio App. 43; *Watts* v. *Sweeney,* 127 Ind. 116, 26 N. E. 680; *Weber Implement & Automobile Co.* v. *Pearson,* 132 Ark. 101, 200 S. W. 273; *Davenport* v. *Grundy Motor Sales Co.,* 28 Cal. App. 409, 152 Pac. 932; *Goodman* v. *Anglo-California Trust Co.,* 62 Cal. App. 702, 217 Pac. 1078; *Etchen Automobile Co.* v. *Dennis & Son Garage,* 104 Kan. 241, 178 Pac. 408; *Willys-Overland Co.* v. *Evans,* 104 Kan. 632, 180 Pac. 235; *Meyers* v. *Neeley & Ensor Auto Co.,* 143 Md. 107, 121 Atl. 916; *Stebbins* v. *Balfour,* 157 Minn. 135, 195 N. W. 773; *Broom & Son* v. *Dale & Sons,* 109 Miss. 52, 67 So. 659; *Johnson* v. *Yates,* 183 N. C. 24, 110 S. E. 603; *In re Nelson* (So. Dak.), 191 Fed. 233; *City Nat. Bank* v. *Laughlin,* 210 S. W. (Tex. Civ. App.) 617; *Lortie* v. *Bebard,* 60 Que. S. C. 299; *Gurevitch* v. *Melchoir,* 29 Br. Col. Rep. 394. See also Huddy on Automobiles (7th Ed.) § 1179; Berry on Automobiles (4th Ed.) p. 1276.

The defendant claims that the case of *Clark* v. *Hale* (1867) 34 Conn. 398, settles the law in this State to the contrary. The facts of that case do not disclose a situation where any claim could be reasonably made that the owner of the wagon impliedly authorized the person, who purchased the wagon from one who falsely represented himself as its owner, to have the wagon repaired and subject it to a lien for repairs.

The court, therefore, erred in sustaining the demurrer to the answer and rendering judgment for the plaintiff.

There is error, and the cause is remanded to be proceeded with in accord with this opinion.

In this opinion the other judges concurred.