B. G. BONGARD AND ANOTHER v. L. J. NELLEN.[1]

June 6, 1941.

No. 32,770.

*Herbert H. Hoar,* for appellants.
*M. J. Daly,* for respondent.

STONE, JUSTICE.

Replevin for an automobile. On a holding that defendant had a possessory lien, he prevailed below. Plaintiffs appeal from the judgment.

The facts were settled .by stipulation. As reflected in. the findings, they are these. Plaintiffs now own the car as conditional vendors after default of the vendee. From January 24 to August 15, 1939, defendant serviced it "pursuant to an agreement" that he was to "put the automobile in question in a good state of repair."

[1]Reported in 298 N. W. 569.

There is nothing to indicate when, or how, or at what price that desirable objective was to be accomplished.

January 4, defendant did $3.75 worth of work on the car, after which the then owner (the conditional vendee) took it from defendant's garage, returning it on February 10 for further work. The price of that job was $113.30. The owner again took the car from defendant's garage and kept it until April 4, when defendant did some work worth $24.25. Again defendant surrendered the car to the owner, who did not return it until June 5, when defendant did some servicing worth $24. As before, the machine was returned to the owner, and he kept it until August 15, when he returned it "for further work which was then done amounting to $37.50." Then, for the first time, defendant retained the car until it was taken from him under the writ in this action.

Defendant's lien is not claimed under the motor vehicle lien law. 2 Mason Minn. St. 1927, § 8524. It is based rather upon the general possessory lien statute. Id. § 8507. For a comparison of the two statutes and their operation, see Sundin v. Swanson, 177 Minn. 217, 225 N. W. 15.

Counsel agree that the lien assured by § 8507 is lost by the lienor if he surrenders possession. The statute itself declares that "a voluntary surrender of possession shall extinguish the lien herein given." Ferriss v. Schreiner, 43 Minn. 148, 44 N. W. 1083; Stebbins v. Balfour, 157 Minn. 135, 195 N. W. 773.

Defendant asserts that his several surrenders of possession were "for a temporary purpose, and under an agreement to return the property," under the rule of Ferriss v. Schreiner, 43 Minn. 148, 149, 44 N. W. 1083, 1084, so that his lien remains. That is wrong. All we can do is sustain defendant's lien for his final charge of $37.50. That is because after the work was done, for which that charge was made, defendant retained possession.

There is nothing to show that defendant's enumerated surrenders of possession were "for a temporary purpose, and under an agreement to return," within the rule of Ferriss v. Schreiner. As

to the purpose of such surrenders, the record is silent. It is plain that on each occasion when defendant surrendered possession to the owner the latter took the car with the unrestricted rights of owner. Hence, as to the earlier charges, all of them other than the last for $37.50, defendant lost his lien.

For defendant, the argument is that his contract "to put the said automobile in a good state of repair" was unitary, so much so that his terminal possession protected the lien as to all his earlier charges. The record is too indefinite to sustain that conclusion. It stops, and becomes silent, at a point far short of the proof needed to sustain defendant's argument. Suppose, on any of the occasions when the owner had possession, he had sold the car, would he have been liable to defendant in damages for breach of contract because he had disabled himself from performance? The answer, on this record, is no.

Because there is no proof that the owner's several repossessions were other than unconditional, with no obligation on his part to return, defendant's lien was lost for all his charges save the last.

The judgment must be reversed with direction for such further proceedings below as may be needed under this decision.

Judgment reversed.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board, took no part in the consideration or decision of this case.