## C. H. & A. L. INGALLS *v.* LUCIA S. GREEN ET AL.

*Chattel mortgage. Agister's lien.*

Where live stock, which is encumbered by a chattel mortgage and also by an agister's lien subsequent thereto, is taken from the possession of the agister *in invitum* and sold upon the mortgage, any balance remaining in the hands of the officer after satisfaction of the mortgage belongs to the agister up to the amount of his lien.

Assumpsit by the plaintiffs against Lucia S. Green, principal defendant, David M. Silsby trustee, and Vernon V. Vance, claimant. Heard at the December Term, 1889, Ross, J., presiding, upon an agreed statement of facts.

The principal defendant mortgaged certain live stock to the plaintiffs, the stock remaining in the possession of the mortgagor. Subsequently she employed the claimant, Vance, to keep this stock for her, and put it into his possession for that purpose. He kept it until his bill for so doing amounted to some $200.

Thereupon the plaintiffs proposed to take this stock from the claimant's possession upon their chattel mortgage, but the claimant refused to surrender it, claiming an agister's lien upon it, which was paramount to plaintiffs' mortgage. The plaintiffs replevied the property from the claimant, and it was determined in that suit that the mortgage lien was superior. See *Ingalls* v. *Vance*, 61 Vt. 582. Pending the replevin suit the plaintiffs caused the property to be sold by the trustee, a deputy sheriff, upon their mortgage. The proceeds of the sale were more than sufficient to satisfy the mortgage, leaving a surplus of $86.81 in the hands of the officer. This surplus the plaintiffs now seek to hold as the property of the principal defendant. The claimant maintains title to it in virtue of his agister's lien.

The court adjudged that the funds belonged to the claimant, to which the plaintiff excepted.

*Geo. W. Cahoon,* for the plaintiffs.

The statute, No. 9, Acts 1884, provides that the agister shall have a lien on animals for their keep, when they are placed in his hands by the *owner.* Miss Green, who placed the stock in the claimant's hands, was not the owner. The plaintiffs were the owners, and the court must have so found in giving their mortgage lien priority.

*Ide & Stafford,* for the claimant.

Vance had a lien on this stock as against Miss Green, which was just as much a charge against the property as a subsequent mortgage would have been. What remained, therefore, after discharging the prior lien created by the plaintiffs' mortgage should have been applied in satisfaction of the subsequent lien of the claimant.

The opinion of the court was delivered by

TYLER, J. It was insisted by the defendant in *Ingalls* v. *Vance,* 61 Vt. 582, that the plaintiffs gave such consent to the keeping of the animals by the defendant, that the latter's lien for keeping took precedence of the plaintiffs' mortgage. Upon the facts stated the court held that such consent was not given, and that without it the lien had no validity as against the mortgage.

In this case, although the general property passed to the plaintiffs by virtue of their mortgage, under R. L. s. 1976 *et seq.,* the defendant continued to have a property in the animals and to be an owner thereof within the meaning of No. 91, laws of 1884, even after the condition of the mortgage was broken. *Wood* v. *Dudley,* 8 Vt. 430; *Conner* v. *Carpenter,* 28 Vt. 240; *Blodgett* v. *Blodgett,* 48 Vt. 33.

The claimant Vance acquired a lien upon the property under the Act of 1884 by his contract for agistment made with the defendant, which lien was subject only to the plaintiffs' mort-

gage.    He did not voluntarily surrender the property and thus release his lien upon it.    It was taken from his possession by process of law and his lien attaches to the proceeds of the sale.

After payment of the mortgage there remains in the officer's hands the sum of $86.81 which the plaintiffs seek to hold and recover by trustee process, as a right or credit of the defend-ant.    We think it clearly belongs to the claimant as against this process.

*Judgment affirmed.*