WELLS, Respondent, v. BOOTH et al, Appellants.

(192 N. W. 489.)

(File No. 5096.  Opinion filed March 7, 1923.)

1. **Evidence — Chattel Mortgages — Fraud — Presumed Mortgagor Signed With Knowledge of the Facts.**

   In the absence of claim in pleading or testimony of fraud or deception, it must be assumed that everything that a mortgagor of chattels did, in connection with signing, he did with full knowledge of all the facts.

2. **Chattel Mortgages—Agister's Lien—Agister's Lien of Mortgagor Not Assertable Against Mortgagee.**

   One of the two mortgagors of cattle entitled to an agister's lien, as against the other, cannot assert it as against the mortgagee.

Appeal from Circuit Court, Dewey County; Hon. RAYMOND L. DILLMAN, Judge.

Action by F. E. Wells against E. A. Booth and another. Judgment for plaintiff, and defendant Ernest Blasingame appeals. Affirmed.

*Stephens & McNamee*, of Pierre, for Appellant.

*McNulty & Campbell*, of Aberdeen, for Respondent.

(1) To point one of the opinion, Respondent cited: Owen v. Burlington, C. R. & N. Ry. Co., 11 S. D. 153, 76 N. W. 302; Wright v. Sherman, 3 S. D. 290, 52 N. W. 1093, 17 L. R. A. 792.

ANDERSON, P. J. This is an action for possession of personal property, aided by claim and delivery, to recover certain

livestock to which plaintiff asserts right to possession by reason
of two chattel mortgages, signed by both defendants Booth and
Blasingame. Blasingame asserts right to possession of the stock
by reason of a contract with defendant Booth to pasture, feed,
and care for the livestock, which contract he claims to have fully
performed, and that no part of the consideration for such pastur-
ing and care has ever been paid, and that, by virtue thereof, he
is entitled to possession of the property involved by reason of an
agister's lien thereon. The evidence shows that the cattle involved
were purchased by Booth, and a mortgage given thereon to a
bank in Sioux City or Omaha, after which the cattle were taken
to Dewey county and placed with Blasingame. After such mort-
gage indebtedness became due, Booth and Blasingame went to
Stock Growers' Bank of Timber Lake and requested said bank
to advance money to take up these mortgages and provide further
money for the expense of running the stock. To obtain such
loan from said bank, Booth and Blasingame made property state-
ments, whereupon the bank loaned them $53,040, for which notes
were executed and signed by Booth and Blasingame. To secure
the notes a chattel mortgage was executed by them covering the
cattle involved, which mortgage was also signed by both of them.
Booth and Blasingame then entered into an agreement by which
it was provided that Blasingame's liability on the notes and mort-
gages should be limited to his interest in the cattle, which was
to be a one-half interest in the profit arising from the transaction
after the cattle were sold and the indebtedness against the cattle
and the expense of running the same paid. When said notes be-
came due, both Booth and Blasingame were unable to pay, and
the notes were renewed. The renewal notes were signed by Booth
alone. The notes and mortgages signed by Booth and Blasingame
were held and were neither paid nor canceled. The mortgage
signed by Blasingame contained this provision:

"It is mutually agreed that this mortgage and the lien thereof
shall cover and secure said indebtedness until fully paid, and all
extensions and renewals of the note or notes above described."

The indebtedness being unpaid, the plaintiff, who had taken
the notes and mortgage by assignment, brought this action to
obtain possession of the property for purposes of foreclosure. De-
fendant Blasingame claims to be entitled to an agister's lien. Trial

was had to the court and a jury, and, at the close of the evidence, the court, pursuant to motion, directed a verdict for plaintiff upon all the issues. Judgment was duly entered. From this judgment and an order denying motion for a new trial, defendant Blasingame appeals.

[1, 2] From the evidence it clearly appears that defendant Booth originally purchased the cattle from a Sioux City bank, and that he gave to such bank, notes and a mortgage to secure the same. It also appeared without dispute that these notes and mortgage were in turn transferred by assignment to the plaintiff, Wells, who thereupon brought this action for the possession of the security for purposes of foreclosure. It further fairly appears that defendant Booth and appellant, Blasingame, both signed the notes and the mortgage given to the Stock Growers' Bank, and which mortgage was secured upon the very cattle involved. Appellant Blasingame assumes to claim a want of knowledge as to the transactions regarding his signing of the notes and mortgages in question, but it will appear that nowhere in appellant's answer or his testimony is there any claim of fraud or deception practiced upon him in order to procure his signature upon the documents mentioned. That being true, it must be assumed that everything he did in connection with signing of such papers he did with full knowledge of all the facts. We think it elementary that no mortgagor can have a lien upon property mortgaged superior to that of the mortgage which he himself has given. Wright v. Sherman, 3 S. D. 290, 52 N. W. 1093, 17 L. R. A. 792. In Sargent v. Usher, 55 N. H. 287, 20 Am. Rep. 208, the court says:

"Any person, to whom any horses, cattle, sheep, or other domestic animal shall be intrusted to be pastured or boarded, shall have a lien thereon for all proper charges due for such pasturing or board, until the same shall be paid or tendered."

In this case it was held that an agister, to whom was entrusted for keeping by mortgagor mortgaged horses, acquired no lien on them superior to that of a prior recorded mortgage, and that the lien of the mortgage would prevail. Hanch v. Ripley, 127 Ind. 151, 26 N. E. 70, 11 L. R. A. 61; Denison v. Shuler, 47 Mich. 598, 11 N. W. 402, 41 Am. Rep. 734; Ingalls v. Green, 62 Vt. 436, 20 Atl. 196; Bank of Neb. v. Lowe, 22 Neb. 68, 33 N. W. 482; McGhee v. Edwards, 87 Tenn. 506, 11 S. W. 316,

3 L. R. A. 654. It seems to be almost universally established that an agister's lien can never become superior to that of a chattel mortgage, duly filed or recorded. Under the undisputed facts in this case, and the law as we believe it to be, we think the trial court did not err in directing a verdict for plaintiff upon all the issues, and entering judgment accordingly.

The judgment and order of the trial court are affirmed.

Note—Reported in 192 N. W. 489. See American Key-Numbered Digest, (1) Evidence, Key-No. 66, 22 C. J. Sec. 74; (2) Chattel Mortgages, Key-No. 138(1), 11 C. J. 396.

On priorities between agister's lien and chattel mortgage; see notes in 17 L. R. A. 792, 1 R. C. L. 1081.