CHICAGO—FIRST DISTRICT—OCTOBER, 1923.    593

The Nathan M. Stone Co. v. Ellerson et al., 230 Ill. App. 593.

# The Nathan M. Stone Company, Appellant, v. Wilmot Ellerson and S. Rosenfeldt, sued as John Doe, Appellee.

## Gen. No. 27,958.

1. CHATTEL MORTGAGES—*lien of repairman on truck inferior to lien of prior recorded chattel mortgage.* The lien of a garage man for repairs on a motor truck made at the request of the mortgagor, who was allowed to retain possession until default by him under the chattel mortgage, is inferior to the lien of the chattel mortgage which was recorded prior to the commencement of the garage man's lien, both under the provisions of Cahill's Ill. St. 1923, ch. 82, ¶ 48, so providing in regard to bailee's liens therein created, which are declared to be in addition to common-law liens, and also at common-law where there is no evidence that the mortgagee authorized the making of such repairs, either expressly or impliedly.

2. BAILMENTS—*waiver of repairman's lien on motor truck by relinquishment of possession.* A garage man who made repairs on a motor truck lost his lien therefor when he permitted the owner of the truck to remove it from the garage and use it.

3. REPLEVIN—*alternative judgment proper where chattel held by third person for payment of money.* In an action in replevin by the chattel mortgagee of a motor truck against the mortgagor and a garage man who held the truck as security for the payment of a repair bill, a judgment in the alternative that plaintiff pay the repair bill and retain possession of the truck or that failing to do so a writ of *retorno habendo* issue in favor of the defendants, is proper under Replevin Act, Cahill's Ill. St. ch. 119, ¶ 22, providing for such judgment where the chattel is held for the payment of money.

4. BAILMENTS—*removal of motor truck from garage to test sufficiency of repairs not relinquishment of possession by repairman.* A garage man does not lose control or relinquish possession of a motor truck on which he has made repairs for which he has not been paid by permitting the owner of the truck to take it from the garage and tow it around the block to see if the motor will start.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed. Opinion filed October 17, 1923.

HERBERT J. FERGUSON, for appellant; VANDORF GRAY and ARCH F. NUTTALL, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On January 18, 1922, the plaintiff, The Nathan M. Stone Company, began a replevin suit against the defendants for a motor truck. On the same date the writ of replevin was returned, and recited that the plaintiff had given bond in the sum of $2,000 and that the property had been taken and delivered to the plaintiff. On January 27, 1922, the defendants filed their appearance, and on January 31, 1922, the court entered an order finding the right to possession in the plaintiff. There was a motion to vacate that judgment, which was allowed, and on February 16, 1922, there was a trial. The court found that the right to possession was in the plaintiff, but that at the time the property was replevied, it was rightfully held by the defendant Rosenfeldt for the payment of $78, and ordered that the plaintiff pay that amount with ten days' interest, and that then the plaintiff retain possession, and, if he default, a writ of *retorno habendo* issue for its return. This appeal is from that judgment.

The evidence shows that the plaintiff was the mortgagee in a certain chattel mortgage on a motor truck; that the mortgage was recorded, and provided that the plaintiff, as mortgagee, was entitled to possession when the mortgagor was in default, and was entitled "to seize and sell the same according to law"; that the defendant Ellerson was the mortgagor and executed the notes aggregating $2,456.89, which were secured by the mortgage; that from time to time the defendant Rosenfeldt made repairs on the truck for

the mortgagor, Ellerson; that prior to October 15, 1921, the unpaid charges due from Ellerson to Rosenfeldt for repairs amounted to $301.17; that subsequent thereto and up to the time of the replevin, Rosenfeldt had made repairs amounting to $78, which at the time of the replevin had not been paid for; that on January 9, 1921, Ellerson delivered the truck to Rosenfeldt, and the latter put in new bearings and did certain work for which he made the charge of $78; that Ellerson told him he was going to give up working with the truck and Rosenfeldt then told him he would hold the truck for the whole bill.

There is some controversy as to whether the truck was out of the possession of Rosenfeldt after he did the repairs for which he charged $78. Ellerson testified that after that work was done he did not at any time take the truck out of Rosenfeldt's garage. He stated, however, though his testimony is somewhat ambiguous, that afterwards, to start the motor to see if it would run, the truck was towed out for some distance and back by a wagon in charge of Rosenfeldt and then the wagon taken off, and the truck pulled into the garage.

The trial judge having found that Rosenfeldt had waived his lien for $301.17, but that he had a lien for $78 which was superior to the mortgage lien, it is contended for the plaintiff that (1) it was error to hold that the lien for repairs amounting to $78 was superior to the mortgage lien; (2) that it was error to render judgment in the alternative, that the plaintiff pay $78, and retain the truck, or, failing to do so, a writ of *retorno habendo* issue in favor of the defendant; and (3) that it was error not to hold that the defendant waived his lien, when the evidence showed that it had been towed outside of the garage.

(1) As to the alleged superiority of the lien of the chattel mortgage: It is provided by statute (chapter 82, ¶ 48, Cahill's Ill. St. 1923) as follows:

"The lien created by this Act shall be subject to the lien of any bona fide chattel mortgage upon the same chattel recorded prior to the commencement of any lien herein created, but said lien herein created shall be in addition to, and shall not exclude, any lien now existing at common law."

Evidently that act does not give a bailee—to make repairs—a lien, for services and material, prior to that of a recorded chattel mortgage. The question then arises, does the common law give such a bailee, as here, a lien prior to that of a recorded chattel mortgage?

At common law, one who by work or added material has enhanced the value of personal property, has a lien upon it for the reasonable value of his services and material, provided he was employed, expressly or impliedly, by the owner. 1 Jones on Liens, sec. 731; *Jensen v. Wilton E. Wilcox Lumber Co.*, 295 Ill. 294. But as the lien of a recorded chattel mortgage is a vested right, to give the one who has added his work or materials a superior lien to a chattel mortgage, he must prove that the mortgagee is, by his conduct, estopped. *Charles v. Neigelsen*, 15 Ill. App. 17; 11 Corpus Juris, p. 652, sec. 395.

Where, therefore, as here, the evidence entirely fails to show that the mortgagee expressly or impliedly authorized the repairs, amounting to $78, no lien, superior to that of the recorded chattel mortgage, arose. Of course, the bare fact that the mortgagee allowed the mortgagor to have possession of the truck did not imply that the mortgagor might employ some one to work upon the truck and thereby obtain an anterior lien. *Overland Automobile Co. v. Findley* (Tex. Civ. App.) 234 S. W. 106; *Ingalls v. Green*, 62 Vt. 436; *Howes v. Newcomb*, 146 Mass. 76. In the latter case the court said that the purpose of a mortgage is to furnish security, and that the property is usually left with the mortgagor for his convenience but with the understanding that nothing will

be done to impair the security, and that "an agreement which will defeat the purpose of the transaction should not be inferred or implied against a mortgagee without cogent evidence." It follows that neither under the statute nor by the common law was Rosenfeldt entitled to a prior lien.

As to the charge of $301.17, it is sufficient to say that after it was incurred by Ellerson, Rosenfeldt allowed him to take the truck out and use it.

(2)   Under section 22 of the Replevin Act (Cahill's Ill. St. ch. 119, ¶ 22), as a matter of procedure, a judgment in the alternative, where personal "property was held for the payment of any money," is proper.

(3)   In view of the fact that we have found that Rosenfeldt did not have a prior lien for his charges, it is not necessary to consider in detail the evidence pertaining to the alleged relinquishment of possession when the truck, after being repaired the last time, was towed around the block. It is sufficient to say that although taken out of the garage and driven by Ellerson, it was still under the control and, in the eyes of the law, in the possession of Rosenfeldt.

The judgment will be reversed.

*Reversed.*

O'CONNOR, J., and THOMSON, J., concur.