CHICAGO—FIRST DISTRICT—APRIL, 1924.    513

Johnson v. Throop Street Auto & Wagon Co., 232 Ill. App. 513.

## John Oscar Johnson, Appellant, v. Throop Street Auto & Wagon Company, Appellee.

## Gen. No. 28,815.

1. APPEAL AND ERROR—*review of facts on conflicting evidence.* In an action of replevin brought by the owner of an auto-truck against a garage owner, in which defendant claimed a lien for labor in making repairs and for storage, held that, under the conflicting evidence, the court could not say that the finding of the trial court for defendant as to the charge for labor was erroneous.

2. BAILMENTS—*garage keeper's claim for storage.* A garage owner who insisted upon the right given it by law to retain possession of an auto-truck until charges for materials and labor for its repair were paid was not entitled to compensation for storage of the truck during the time it was so retained contrary to plaintiff's written demand for its possession.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Reversed and judgment here. Opinion filed April 3, 1924.

JOSEPH O. McKIERNAN, for appellant.

JOHN THORNTON GILBERT, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On April 28, 1923, plaintiff, the owner of an auto-truck, commenced an action in replevin in the municipal court of Chicago against defendant to recover possession of the truck, which he claimed defendant unlawfully detained. The truck was taken by the bailiff under the writ on May 2, 1923, and delivered into plaintiff's possession. There was a trial without a jury, resulting in the court finding that the right to the possession of the truck was in plaintiff, except that at the time it was taken under the writ it was right-

514     APPELLATE COURTS OF ILLINOIS.

Johnson v. Throop Street Auto & Wagon Co., 232 Ill. App. 513.

fully held by defendant for the payment of $62.25; and on May 23, 1923, the court adjudged that within 10 days plaintiff pay to defendant said sum of $62.25, that in case such payment be made plaintiff retain the truck, that in case such payment be not made within said time defendant recover possession of the truck and a writ of *retorno habendo* issue; and that defendant recover its costs. From this judgment plaintiff appealed.

Defendant was engaged in the business of running a public garage in Chicago, and in making repairs, etc., to motor vehicles, and held possession of the truck after January 31, 1923, by virtue of its alleged lien for certain labor performed in making repairs on it on two different occasions in December, 1922, and also claimed a lien for storage of the truck in the garage for the months of February, March and April, 1923, during which months it held the truck in its possession solely by virtue of its alleged lien for said repairs, and against plaintiff's written demand for its possession, made on January 31, 1923. Plaintiff's chauffeur, with plaintiff's consent, stored the truck when not in use in defendant's garage during the major portion of the month of December, 1922, and all of the month of January, 1923. During December, 1922, defendant, at the chauffeur's request, twice made repairs on the truck, furnishing material and performing labor thereon. Although the evidence does not show that plaintiff expressly authorized his chauffeur to order the work done, it sufficiently appears that he impliedly so authorized said chauffeur and that he subsequently ratified the making of the repairs, which on one occasion amounted to $6.45 ($2.70 for material furnished and $3.75 for labor performed) and on the other occasion amounted to $13.70 (20 cents for material and $13.50 for labor). On January 25, 1923, plaintiff personally called at defendant's place of business and had an interview with one of its agents in its

office, and finally paid the storage due for December and January, and also the sum of $2.90 for the *materials* furnished on said two repair jobs, received a receipted bill for said payments (itemized), but refused to pay for the *labor* performed on said jobs, aggregating $17.25. Plaintiff's testimony tended to show that the payment he then made was received by defendant in satisfaction of all claims it then had against him. The testimony of defendant's agent, supplemented by other evidence, tended, on the contrary, to show that the payment was only received on account, or *pro tanto,* and that the charge for the labor performed on said repair jobs, $17.25, was still due and owing to defendant. We are unable to say from the conflicting evidence that the finding of the court, at least to the extent of $17.25, is manifestly against the weight of the evidence, as urged by plaintiff's counsel. But the trial court, in making up the amount of $62.25 in the finding, added $45 to said amount of $17.25 for storage on the truck for the months of February, March and April, 1923, at $15 per month. This portion of the finding, in our opinion, is not supported by the law concerning workmen's liens. After January 31, 1923, the truck was not stored in defendant's garage at plaintiff's request, but was kept there by defendant contrary to plaintiff's written demand for its return, and solely by virtue of defendant's claimed lien for $17.25 for said labor performed thereon. If defendant chose to insist upon its right of retainer, given by the law, and suffer the inconvenience of having a portion of the floor space of its garage taken up by the truck, this was its privilege, but in exercising said right of retainer we do not think that it had any authority under the law to add to the debt any charge for storage during the period the truck was so retained. In 1 Jones on Liens, sec. 732, it is said: "The lien which the common law gives to every one who bestows labor and expense upon a chattel in the way of his trade or occupation is a particular or specific lien;

or, in other words, it secures the payment of his services in respect to the property upon which a lien is claimed; it does not secure a general balance of account, or any debt other than that created by labor upon the specific property detained." In the act of June 27, 1921, of the Illinois legislature, relating to "lien for labor on or storage of chattels," section one thereof (Cahill's Ill. St. 1923, ch. 82, ¶ 45) provides in part: "Every person, firm or corporation who has expended labor, skill or materials upon any chattel, or has furnished storage for said chattel, at the request of its owner,  * * *  shall have a lien upon such chattel  * * *  for the contract price for all such expenditure of labor, skill or materials, or for all such storage, or in the absence of such contract price, for the reasonable worth of such expenditure of labor, skill and materials, or of such storage," etc. Under this statute we do not think that the lien claimed for storage of the truck for said three months can be allowed, it not being stored during that period at plaintiff's request.

Our conclusion is that the finding and judgment of the trial court was correct as to defendant having a lien on the truck, was incorrect as to the amount or extent of that lien, which should have been fixed at $17.25, instead of $62.25. Accordingly, the judgment of the municipal court is reversed and judgment is entered here in the alternative that plaintiff, within ten days, pay to defendant, Throop Street Auto & Wagon Co., the sum of $17.25, together with interest thereon at the rate of five per cent per annum from May 23, 1923, or, if plaintiff fails to make such payment within such time, that he return the truck to defendant. If neither such payment be made nor the truck be returned, then, on application to this appellate court, the cause will be remanded to the municipal court for the issuance of a writ of *retorno habendo*. Each party

will pay his or its own costs incurred in this appellate court.

*Reversed and judgment here.*

FITCH and BARNES, JJ., concur.