## GEORGE et v WALTON

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 18550. Decided March 2, 1942.

Ganger & Ganger, Cleveland, for plaintiff-appellee.
Miller & Hornbeck, Cleveland, for defendant-appellant.

### OPINION

By MORGAN, J.

The parties in this case entered into a written contract providing for the employment of the defendant to represent the plaintiffs, a partnership, in a Federal tax matter covering the years 1934 through 1938, and preparing income tax returns for 1939. It was agreed that defendant's compensation for these services was to be $4,000.00. Books, and records of the plaintiff, such as general ledgers, journals, inventory records, cancelled checks, etc., were delivered to the defendant for his use and guidance in his employment. The defendant was paid in 1939 the full contract price of $4,000.00. Verbal arrangements were then made between the parties for additional services of the same character for the year 1940. For this work the defendant was paid an additional sum of $3900.00. Defendant later rendered to plaintiff a bill showing $25,000.00 due him in addition to the amounts already paid. The plaintiff claimed that the defendant had been paid

in full for the services rendered by him. Plaintiff made a demand upon the defendant for the return of all the books, records and other papers of the plaintiff in the defendant's possession. Defendant refused the request, claiming a lien on them for the balance due him for services. The plaintiff then brought this action in replevin.

The trial court gave judgment for the defendant. The court in its Findings of Fact and Conclusions of Law found "that the defendant is not an attorney at law, but upon qualification was duly admitted to practice before the Treasury Department as an enrolled agent." The trial court also found:

"that the defendant in his professional capacity of agent duly enrolled and licensed to practice before the treasury department and as tax consultant and advisor, is entitled to an attorney's lien on papers, books and records furnished to him by the plaintiff for the defendant's use in obtaining information therefrom for tax purposes."

The question to be decided on this appeal is this: Is the defendant. not being an attorney at law regularly admitted to practice in the courts, entitled to an attorney's lien or any other kind of a lien on the books, records and other papers in his possession which were delivered to him by the plaintiff in connection with his employment?

The common law lien of an attorney at law, on books, records and papers of a client, in his possession to secure the payment of his charges for services rendered, is now well established.

The Court of Appeals of New York, in Vol. 63 N. Y. Practice Reports, page 154 states the basis of the lien, as follows:

"It rests upon the relation of the attorney to the court as its officer and the general control always exercised, founded upon that relation."

It follows, as stated in Jones on Liens, 3rd Edition, page 118:

"No one who is not an attorney, solicitor or barrister, can maintain its lien upon papers."

Also, in 7 Corpus Juris Secundum, page 1140:

"An attorney's lien exists only in favor of a regularly licensed attorney."

Undoubtedly the word "attorney" as in the phrase "power of attorney" may include others than those admitted to practice in our courts. Nevertheless, we can find no authority for the claim that an attorney's lien resting as it does upon the control that may be exercised by the court upon an attorney at law as its own officer, has been extended at common law to others than those duly admitted to practice. The fact that the defendant has been given the privilege of practicing before the treasury department of the United States does not entitle him to an attorney's lien.

Accordingly, it is our opinion that the trial judge erred in holding that the defendant is entitled to an attorney's lien for services, on the books, records and papers of the plaintiff, in his possession.

The defendant has made a broader claim in this court, namely, that he is entitled to an agent's lien on the articles in his possession. The principal authority cited by him is Restatement of the Law of Agency, §64-a as follows:

"G. An agent who has received possession of goods to be dealt

with by him on account of the principal, has a right to retain possession until the principal has paid him what is due with respect to them. Except, as stated in clause (b), this right does not extend to debts due from the principal on other transactions. The right to retain possession exists not only as to goods which the agent has received from or on account of the principal, but also the proceeds of the goods, received in accordance with his authority. A servant having merely custody, as distinguished from possession, of things entrusted to him by the master, has no lien thereon."

The words "to be dealt with" are somewhat vague. Are books or records "dealt with" when use is made of them to prepare income tax returns or in controversies with the government as to tax matters? Or, is it necessary that they be altered or improved in some way in order to be "dealt with"? Frankly, we do not know. Also, are the books and records turned over to defendant in this case included in the word "goods?" Again we cannot be certain. It certainly is a permissible construction that the Restatement would give the defendant a lien in this case.

With all due deference to the high authority of the "American Law Institute" under whose auspices the "Restatement of the Law" has been prepared, our examination of the law has compelled us to conclude that no such general agent's lien as above stated, exists at common law and that the above paragraph, if given a liberal construction, constitutes an attempt not to restate but rather to remake the law.

Common law liens have been recognized by the courts in favor of those like common carriers and innkeepers who are bound by law

to serve the public and for the protection of persons who, by their labor and skill, have imparted an additional value to goods in their possession, as is well stated in 33 American Jurisprudence, page 426:

"Particular liens have always been admitted by the common law, in favor of those persons, such as innkeepers, farriers, common carriers and warehousemen, who are bound by law to serve the public in their trades and occupations. And the privilege of a particular lien— the privilege to detain and hold the possession of some particular property of another as security for some debt or obligations—has been extended to other persons, in a variety of cases, where such persons by their labor and skill have imparted an additional value to the goods. This includes artisans, tradesmen, mechanics and laborers who receive property (although not obliged to receive it) for the purpose of mending, repairing and improving its condition for hire, and they have, by the common law, a lien on such property until the reasonable charges for their labor and expenses thereon are paid."

The only other liens recognized at common law are in a limited class of cases, based on custom and long continued usage, such as exist for the benefit of factors and in cases of salvage. The defendant was not required to render any services to the plaintiff, as in the case of common carriers. The books and records turned over to the defendant have not been improved or altered by the defendant in the slightest degree. It does not appear from the record that any usage or custom exists, giving defendant, not being an attorney at law duly admitted to practice, a lien in this case.

The facts of the case of Scott Shoe Machinery Co. v Broacker, 35 Misc. Rep. 382 (N. Y.) are closely similar to the present case. The syllabus of that case is as follows:

"Accountants who have done nothing to books of accounts, beyond examining them at the request of the owner, have no lien thereon for their services, and cannot upon that ground withhold the books from him."

We adopt in this case the reasoning in the opinion of the New York Court as follows:

"At common law liens were given to attorneys, warehousemen, wharfingers and to other special classes of persons. There was no such thing as an accountant's lien. And, except in the case of these favored classes, the only persons having a lien at common law, are bailees employed to change, alter, repair or do work upon some article and who, by their services, have added something to its value. In this latter case are the liens of tailors, carpenters, etc. This class appears to be the same as is provided for by §70 of the New York Lien Law. The defendants certainly do not come within this class. They have done nothing to the books but have merely made an examination of them. After their examination the books remained as they were before, nothing whatsoever having been added to their value."

To the same effect is Arthur et al v Sylvester 105 Pa. 233.

No lien such as is claimed by the defendant has been recognized by English common law. In the case of Brandao v Barnett, 16 English Ruling Cases, 129 it is stated:

"No lien can arise on property which is delivered for a special purpose except for improvement or alteration involving labor or expenses, as in such cases there is deemed to be an implied contract that when the purpose is fulfilled the property is to be redelivered to the owner."

This language is copied with approval in 17 Ruling Case Law, 608.

Meacham on Agency, 2nd Edition, Vol. 1, at page 1283, seems to give some support to the existence of an "agent's lien" for services, in the statement:

"It has been said that there exists a particular right of lien in the agent for all his commissions, expenditures, advances and services in and about the property, or thing entrusted to his agency, whenever they were proper or necessary or incident thereto."

However, the learned author limits and modifies the above general statement in his next paragraph as follows:

"The foundation of this lien in the absence of a statute conferring it, must, as in the case of other common law liens, be either that the agent, like a bailee for hire, has by his skill or labor added to the value of some specific thing or that by advancing his own money or property he has obtained or produced the thing or that he has made advances to his principal in reliance upon the security of the property or thing confided in his custody."

As a matter of policy, it is our opinion that if liens are to be extended for the benefit of tax consultants, accountants and agents

generally, such extension should be made by the law making body of the state and not by stretching the common law to the breaking point.

Due to the great increase in the number of income tax payers this year, we are having today a large increase in the number of persons who are holding themselves out as experts in the preparation of income tax reports. Their advertisements appear in our daily newspapers and their cards are handed out to us as we pass on the streets. It is most likely that in many such cases, books, records and papers, some of which may be highly confidential in character, may be delivered to these agents for their temporary use in preparing income tax reports. In the event that there should be a disagreement between an owner of such documents and the tax consultant, is it wise for the courts deliberately to change the law as proposed in the broad statement in the Restatement, so as to allow a possessory lien in every such case? For our part, stating the law as we find, it is our opinion that the defendant in this case is not entitled to a lien and that final judgment should be rendered for the plaintiff.

There is one other error assigned in this case, which in our opinion would require a reversal of the judgment.

The trial court found, referring to the defendant's bill for $25,000.00:

"This bill of defendant being beyond the jurisdictional amount of $5,000.00, was not considered by this court and the court did not determine the merit, validity or the amount of defendant's claim for fees or whether any amount was due defendant, or not."

While the trial court was not required to make a finding as to the amount due the defendant from the plaintiff for services rendered, it is our opinion that it was necessary for the court to find that the claim for some amount was a valid claim inasmuch as a lien is only incident to a debt. However, inasmuch as it is our opinion that the defendant is not entitled to a lien in this case, final judgment is rendered for the plaintiff.

LIEGHLEY, PJ., SKEEL, J., concur.