294 So.2d 331 (1974)
Robert E. MURRELL, Appellant,
v.
TRIO TOWING SERVICE, INC., a Florida Corporation, et al., Appellees.
No. 73-754.
District Court of Appeal of Florida, Third District.
May 14, 1974.
*332 Kneale & Starkweather, Miami, for appellant.
Heller & Kaplan, Miami, Albert I. Caskill, Opa-Locka, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an adverse final judgment entered pursuant to defendant-appellees' motion for a directed verdict in this action to recover compensatory and punitive damages for conversion.
The undisputed facts in brief are as follows:
At approximately 11:00 p.m. on the night of December 22 or 23, 1967, plaintiff-appellant, Robert F. Murrell, drove to the Village Apartments to make a social call on a friend who was an occupant thereof. Being unable to find a marked parking place, plaintiff parked his automobile between two other autos in an unmarked area on the side of one of the private connecting drives of the apartment complex parking lot.[1] While visiting with his friend, Mr. Murrell was informed that his car was towed away by Trio Towing Service, Inc. Upon inquiry, the managers of the apartments admitted that they had authorized the towing of plaintiff's vehicle. The following day appellant demanded return thereof from Trio Towing which thereupon advised him that he had to pay $15 for towing and storage to regain possession. Plaintiff refused to pay and Trio declined to relinquish control of the subject automobile despite an oral and written demand therefor from Mr. Murrell's attorney. Subsequent thereto, plaintiff filed this action for conversion and named as defendants Mr. and Mrs. Tate and Mr. and Mrs. Denison, owners of the apartment complex, Trio Towing Service, Inc. and B.L. McCoglin, president, general manager and principal shareholder thereof. The cause came on for trial by jury and at the conclusion of complainant's case, the trial judge granted defendant-appellees' motion for directed verdict. Plaintiff appeals therefrom.
At the onset, we note that counsel for appellant concedes the right of the owners of the apartment complex to have an automobile removed from the premises if it is parked in an unmarked or no parking area in the parking lot. Thus, we hereby affirm the directed verdict in favor of the defendants Mr. and Mrs. Tate and Mr. and Mrs. Denison. The remainder of our opinion is directed to the defendants Trio Towing and its president, McCoglin.
The essence of an action for conversion is not the acquisition of property by the wrongdoer, but rather the refusal to surrender the possession of the subject personalty after demand for possession by one entitled thereto. 89 C.J.S. Trover and Conversion § 3 (1955); 18 Am.Jur.2d Conversion § 43 (1965). Further, although a limited or qualified refusal to surrender the possession of property does not, per se, constitute a conversion thereof, if such refusal, in general, is one which the possessor of the personalty is not entitled to make, then it is not sufficient to prevent a conversion. 18 Am.Jur.2d Conversion § 44 (1965).
Thus, the issue in the case sub judice presented for our determination is whether the defendants Trio Towing Service, Inc. and B.L. McCoglin, after demand had been made upon them by the complainant, Mr. Murrell, for return of his automobile, were entitled to refuse delivery thereof until such time as complainant tendered payment of the towage and storage charges therefor. In other words were Trio and McCoglin authorized by law to claim a lien on Murrell's car for the above charges.
*333 Generally, it has been held that there being no lien at the common law upon an automobile for the towage and storage charges thereon, in the absence of a statute creating such a lien or in the absence of an agreement, express or implied with the owner of a motor vehicle or someone authorized by him, a garageman acquires no lien therefor. 38 Am.Jur.2d Garages, And Filling And Parking Stations §§ 140, 145, 146 (1968); 50 A.L.R. 1303, Annot., 1309 (1927); Annot., 48 A.L.R.2d 894 (1956).
In the case at bar, there being no agreement, express or implied, by the appellant Murrell or someone authorized by him and further there being no statute[2] under the instant circumstances creating a lien, the appellees Trio Towing and McCoglin were not entitled under the law to a lien on complainant's vehicle for the towage and storage thereof. Thus, we only can conclude that these two defendants legally could not withhold the automobile from the owner thereof until payment of the above charges. Therefore, the undisputed facts demonstrate that Trio Towing Service, Inc. and B.L. McCoglin are liable for the conversion of plaintiff-appellant's car.[3]
Before concluding, we believe it is necessary to address ourselves to the argument of the defendants (which apparently greatly influenced the trial judge in his disposition of this case) that plaintiff simply could have paid Trio the charges[4] demanded shortly after seizure of his automobile thereby mitigating his damages, and then filed the instant lawsuit. However, where property has been converted an attempt to plead and prove a qualified return in mitigation of the damages is not permissible, since one who wrongfully converts personalty should not be allowed to state a condition with which the owner of the property is bound to comply in order to have the property returned to him. See 89 C.J.S. Trover and Conversion § 186 (1955). In the instant case, defendant-appellees, Trio and McCoglin, made no unconditional offer to return to complainant his automobile and, therefore, the defense raised that plaintiff by paying the requested charges could have secured possession of his automobile and mitigated his damages thereby is without merit. Trio Towing Service, Inc. and McCoglin having no right themselves to plead a qualified return in mitigation of damages, certainly had no right to place the burden of obtaining possession upon plaintiff. See Kroger Food Company v. Singletary, Tex.Civ.App., 1969, 438 S.W.2d 621 at 628.
Accordingly, the judgment in favor of the defendant-appellees Trio Towing Service, Inc. and B.L. McCoglin is hereby reversed and the cause is remanded with directions to direct a verdict on the issue of liability in favor of plaintiff-appellant against the two defendants cited hereinabove and further to hold a jury trial on the issue of damages (both compensatory and punitive).
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] However, it appears that plaintiff's car did not interfere with the ingress or egress of any other automobile.
[2] We note that if plaintiff's car had been towed away pursuant to police authority, then F.S. § 85.031 F.S.A. would be applicable.
[3] Defendants Trio and McCoglin should look to the apartment owners for the towing and storage charges.
[4] The $15 requested on the following day after plaintiff's car was towed or the $69.50 requested upon the demand for return by plaintiff's attorney.