SMITH, Judge.
In deciding this case which brings here for the first time the Florida Deceptive and Unfair Trade Practices Act, ch. 73-124, Fla.Laws, §§ 501.201-.213, F.S.1973, we tread lightly to avoid substantial questions, not briefed in this case, concerning the extent and character of the power seemingly delegated in the Act to the Department of Legal Affairs.
Petitioners Lavers and Singley seek review of an order of a hearing officer of the Department of Legal Affairs which the Attorney General, head of that Department, modified on review pursuant to §§ 501.207 and 501.208, F.S.1973. The order as modified commands Lavers and Singley to cease and desist from certain conduct complained of by the Department and finds that probable cause exists for the Department to sue Lavers and Singley for money damages “on behalf of one or more of the consumers” adversely affected by the practices complained of. The petition for review is before us in accordance with § 501.208(3), F.S.1973, which invokes the Administrative Procedure Act, § 120.68, F. S.1973 (1974 Supp.).
Lavers owns an office building and adjacent parking lot, intended only for the occupants of that building, in Gainesville. He posted the lot with three or four signs declaring that the lot is private property, that trespassers would be prosecuted and that unauthorized vehicles parked on the lot would be towed away at the owners’ expense. When unbelieving trespassers nevertheless helped themselves to available parking, Lavers called petitioner Singley, operator of Night & Day Highway Service in Gainesville, who towed the offending vehicles to his place of business and required the owners to pay tow and storage charges of $50 and more in order to obtain release of a vehicle.
Conceiving that the conduct of Lavers and Singley constituted “unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce,” proscribed by § 501.204, F.S. 1973, the Department of Legal Affairs issued a complaint against Lavers and Sin-gley charging:
“Respondent’s lot is marked in such a way that consumers entering the lot are *82 likely to miss the notice on the sign. Said lack of prominent notice constitutes a deceptive act.”
The Department charged that:
“ . . . consumers are deceived into believing that the lot in question is not posted and that lack of adequate notice to the consumers should not subject them to exorbitant towing fees.”
The Department served notice that its purpose was to order Lavers and Singley to cease and desist, in accordance with § 501.208, and to determine that there is probable cause for the Department to maintain an action on behalf of one or more consumers for their actual damages, as contemplated by § 501.207, F.S.1973.
Before a hearing was had on the Department’s complaint, the District Court of Appeal, Third District, decided Murrell v. Trio Towing Service, Inc., 294 So.2d 331 (Fla.App.3d, 1974), a civil action for conversion which involved similar practices in Miami. That court exonerated the owners of the parking area from liability to the intruder, but held that he who tows away the intruder’s vehicle gains no possessory lien in the towed vehicle and, consequently, that the tower’s demand for payment of fees as a condition to return of the intruder’s vehicle constitutes a conversion for which money damages, both compensatory and punitive, might be sought by the intruder. After the Murrell decision and still before the administrative hearing below, a private action was brought in the circuit court in Gainesville by one of Laver’s intruders. It resulted in an injunction, on the strength of Murrell, broadly enjoining Lavers and Singley from withholding any towed vehicle from the owner for nonpayment of charges for towing and storing and from representing to prospective intruders by signs or otherwise that towed cars will not be delivered until towing and storage charges are paid. Lavers and Singley apparently acquiesced in the injunction, and neither the propriety of the injunction nor of the court’s reliance on Murrell is before us.
Because Lavers and Singley were already restrained by court order from engaging in conduct like that in Murrell the Department’s counsel acknowledged before the hearing officer that a cease and desist order pursuant to § 501.208 would be entirely superfluous. But he pressed for a determination, pursuant to § 501.207, that there is probable cause for the Department to sue Lavers and Singley for damages sustained by various persons whose cars they caused to be towed away. The Department clearly abandoned the only claim of an unfair or deceptive act set forth in the complaint, that Lavers’ signs gave inadequate notice of the consequences to trespassers.
Although the Department and the cabinet were directed by § 501.205, F.S.1973, to adopt rules “which prohibit with specificity acts or practices that violate this part . . .,” no rule has been adopted which remotely describes the conduct here complained of as an unfair method of competition or an unfair or deceptive act or practice in the conduct of a trade or commerce.
Having before her no standard by rule or otherwise defining the conduct of Lav-ers and Singley as an unfair or deceptive act or practice in the conduct of a trade or commerce, the hearing examiner made no finding that their conduct constituted such an act or practice. She found, nevertheless, that probable cause exists for the maintenance by the Department of an action for damages on behalf of “one or more” unnamed persons.
The Attorney General, on review of the hearing officer’s order [§ 501.208(1), F.S. 1973], modified it only by noting that the circuit court had refused the Department leave to intervene in the private civil action in which the injunction was issued, and by adding a cease and desist order in terms copied verbatim from the order of *83 the circuit court. The effect of the cease and desist order is to trigger civil penalties of up to $5,000 for each violation. Sec. 501.208(8), F.S.1973.
The Department, having promulgated no rule which would tend to notify Lavers and Singley that their conduct was proscribed by § 501.204, evidently relies entirely on the Murrell case to carry the day. But Murrell exonerated the owner entirely, and against the towtruck operator it made no finding that his conduct was an unfair method of competition, or that it was an “unfair” way of doing business, or that it was ’“deceptive.” Murrell decided only that, since no possessory lien could exist without statute or the owner’s consent, it was tortious to withhold an owner’s car on the condition of payment.
In Federal Trade Comm’n. v. The Sperry and Hutchinson Co., 405 U.S. 233, 248, 92 S.Ct. 898, 908, 31 L.Ed.2d 170, 182, the Supreme Court declared:
“A court cannot label a practice ‘unfair’ under [the Federal Trade Commission Act]. It can only affirm or vacate an agency’s judgment to that effect.”
In that case, too, the FTC opinion lacked findings sufficient to predicate a conclusion of “unfair” practices; there, too, no standards for judging the questioned conduct were referred to or developed in the administrative order. The decision in Murrel cannot, therefore, supply the missing standards and findings in this case.
The Department made written and oral charges in the proceedings under review that the posted signs were deceptive and that the tow charges made were grossly exorbitant. If proved, these allegations might.have supplied findings of unfairness, given proper standards. But those charges were not proved and no findings were made in respect to them. Proof that Lav-ers customarily received $15 of the towing and storage fees collected from the intruders does not, of itself, supply “unfairness” absent a standard.
The order under review lacks essential findings based on ascertainable standards of what is proscribed by § 501.204, F.S. 1973. The petition for certiorari is granted and the order reviewed is set aside.
BOYER, C. J., and MILLS, J., concur.