(No. 48667.-

NATIONAL BANK OF JOLIET, Appellant, v. BERGERON CADILLAC, INC., Appellee.

*Opinion filed March 23, 1977.*

Arnold, Gesell and Schwulst, of Bloomington, for appellant.

Markowitz, Lawrence, Lenz, Jennings, Naylor & Mueller, of Bloomington (John Naylor and Bernard E. Wall, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

In December of 1973, the plaintiff, the National Bank of Joliet, brought a replevin action (Ill. Rev. Stat. 1973, ch. 119, par. 1 *et seq.*) in the circuit court of McLean County against the defendant, Bergeron Cadillac, Inc., seeking to recover a 1971 Cadillac automobile. The trial court entered judgment for the defendant, holding that its common law possessory lien based on repairs it had made

on the auto had priority over the plaintiff's prior security interest under section 9—310 of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 9—310). The appellate court, with one justice dissenting, affirmed (38 Ill. App. 3d 598), and we allowed the plaintiff's petition for leave to appeal. 58 Ill. 2d R. 315.

In February of 1973 the plaintiff loaned Gladys Schmidt $4,120 to enable her to purchase the automobile, taking a security interest in the automobile to secure the loan. This security interest was perfected by filing in the office of the Secretary of State. (Ill. Rev. Stat. 1973, ch. 95½, par. 3—202.) In August of 1973 Schmidt brought the auto to the defendant's shop for repairs. The cost of the materials and service was approximately $2,000, and, when Schmidt failed to pay, the defendant, through an inquiry to the Secretary of State, learned of the plaintiff's security interest. The defendant exercised its right of lien for the unpaid charges and retained possession of the auto. In September, Schmidt defaulted on her loan payments, and in October the plaintiff ascertained that the Cadillac was in the defendant's possession. The plaintiff's demand on the defendant for the Cadillac under its security interest was refused, and the plaintiff filed the action in replevin.

The plaintiff contends that the right to a common law possessory lien has been superseded in Illinois by two statutes which provide for repairmen's liens. Ill. Rev. Stat. 1973, ch. 82, pars. 40 through 47 and 47a through 47f.

Section 9—310 of the Uniform Commercial Code, which has been in effect in Illinois since July 1, 1962, provides:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise." Ill. Rev. Stat.

1973, ch. 26, par. 9—310.

The plain language of section 9—310 gives the lien of persons furnishing services or materials upon goods in their possession priority over a perfected security interest unless the lien is created by statute and the statute expressly provides otherwise.

The comment of Anderson (Anderson, Uniform Commercial Code) is:

> "Code section 9—310 declares the priority of the lien of persons furnishing services or materials with respect to goods in their possession. Such a lien is, basically, the artisan's lien of the common law. Whether such a lien is based upon decision or statute law, Code section 9—310 gives it priority, with one exception, over a pre-existing security interest in the goods.
>
> \* \* \*
>
> The single exception relates to a lien created by statute; such a lien does not have such priority if the statute expressly provides otherwise. Accordingly, the lien has priority when it is based upon the common law or decision, or when it is based upon a statute which is silent as to priorities or which gives the lien priority. The lien is subordinated to the security interest only when the lien statute expressly so declares." 4 Anderson, Uniform Commercial Code sec. 9—310, at 341-42 (2d ed. 1971); see also Ill. Ann. Stat., ch. 26, par. 9—310, Illinois Code Commentary, at 208 (Smith-Hurd 1974).

The artisan's possessory lien of the common law is recognized in Illinois. *Ehrlich v. Chapple*, 311 Ill. 467; *Stevens v. Faucet*, 24 Ill. 483; *Nathan M. Stone Co. v. Ellerson*, 230 Ill. App. 593; *Chicago Great Western R.R. Co. v. American McKenna Process Co.*, 200 Ill. App. 166.

We cannot accept the plaintiff's contention that the General Assembly's enactment of the two statutes creating liens in favor of repairmen with respect to personal property (Ill. Rev. Stat. 1973, ch. 82, pars. 40 through 47 and 47a through 47f) evidenced an intent to supersede the artisan's common law lien. Both of the statutes expressly provide that the liens created shall be in addition to, and

shall not exclude, any lien existing by virtue of the common law. Ill. Rev. Stat. 1973, ch. 82, pars. 43 and 47f; see also Ill. Ann. Stat., ch. 26, par. 9—310, Illinois Code Commentary, at 209 (Smith-Hurd 1974).

As the defendant had a common law possessory lien for services and materials in connection with the repairs it made, its lien takes priority over the plaintiff's earlier perfected security interest under the provisions of section 9—310 of the Uniform Commercial Code. Accord, *Peavy's Service Center, Inc. v. Associates Financial Services Co.* (Ala. App. 1976), 335 So. 2d 169; *General Motors Acceptance Corp. v. Colwell Diesel Service & Garage, Inc.* (Me. 1973), 302 A.2d 595; *Nickell v. Lambrecht* (1970), 29 Mich. App. 191, 185 N.W.2d 155; *Manufacturers Acceptance Corp. v. Gibson* (1967), 220 Tenn. 654, 422 S.W.2d 435. See also Note, *Statutory and Common Law Repairmen's Liens in Illinois Under Section 9—310 of the Uniform Commercial Code,* 8 Loy. Chi. L.J. 390 (1977).

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*