NAVISTAR FINANCIAL CORPORATION, Plaintiff-Appellee and Cross-Appellant, v. ALLEN'S CORNER GARAGE AND TOWING SERVICE, INC., Defendant-Appellant and Cross-Appellee.

Second District   No. 2—86—0629

Opinion filed March 18, 1987.

Mark T. Schuster, of Strom & Schuster, of Elgin, for appellant.

Law Offices of Joseph R. Voiland, of Aurora, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Navistar Financial Corporation, filed a complaint for replevin against defendant, Allen's Corner Garage and Towing Service, Inc., seeking possession of a certain International truck tractor. Defendant answered the complaint by claiming that it was entitled to a common law artisan's lien for towing and storage of the truck. The court found that plaintiff was entitled to possession of the truck subject to a lien by defendant for $1,162 for towing. The court denied defendant a lien as to $910 for accrued storage charges. Defendant appeals the denial of this lien for storage. Plaintiff cross-appeals the granting of the lien for towing.

On February 21, 1986, defendant responded to a call from the Illinois State Police to assist in removing an overturned tractor/trailer unit from the junction of State Route 25 and the Northwest Tollway. Defendant's crew removed the cargo from the trailer and hoisted the tractor and trailer out of a ditch and onto the highway. Defendant then removed the tractor, trailer, and cargo to its garage for storage.

The trailer was owned by V. Seng Teaming Company. The driver

of the truck was Wieslaw Wilk. Plaintiff claimed the right to possession of the truck when Wilk defaulted on his purchase loan agreement. Sometime in early March 1986, a credit supervisor of plaintiff, Gary Webb, phoned defendant and offered to pay the towing fee plus accrued storage charges in exchange for possession of the truck. Defendant stated that it would not release the truck until charges for all three units—tractor, trailer, and cargo—were paid. Plaintiff then filed its complaint for replevin on April 29, 1986. After the complaint was filed, V. Seng Teaming Company paid over $13,000 in charges relative to the trailer and cargo and took possession of them. Plaintiff again offered to pay the towing charges but refused to pay any storage charges accruing after its initial offer in March.

The only witnesses at trial were Webb and John Allen. They testified to the facts noted above. In addition, Allen testified as to the specialized nature of defendant's business. He is defendant's secretary and treasurer. He testified that defendant is licensed as a common carrier by both the Interstate Commerce Commission and the Illinois Commerce Commission. The uprighting and towing of semitrailer trucks and the removal of their cargos is an intricate process involving a good deal of specialized equipment. Defendant owns a total of 50 specialized trucks and trailers for use in these operations.

Based on this evidence, the court found that defendant had established a common law artisan's lien against the tractor for towing charges but not for storage fees. It found that plaintiff was entitled to possession of the tractor subject to the payment of $1,162 for towing and a payment of $910 into escrow pending resolution of the storage fee issue on appeal. Defendant appeals the portion of the court's order denying defendant a lien for storage charges. Plaintiff cross-appeals the portion of the order granting defendant a common law artisan's lien for towing charges.

■■■ We first examine the argument made by defendant on its cross-appeal. Illinois recognizes the common law possessory lien. (*National Bank v. Bergeron Cadillac* (1977), 66 Ill. 2d 140, 143.) Such liens are fundamentally consensual in nature and can be created only by agreement, by some fixed rule of law, or by usage of trade or commerce. (*Deitchman v. Korach* (1947), 330 Ill. App. 365, 369.) The common law lien has no provision for forfeiture and sale, but is limited to the right to possession of the chattel until all charges are paid. (*National Bank v. Bergeron Cadillac* (1976), 38 Ill. App. 3d 598, 599, *aff'd* (1977), 66 Ill. 2d 140.) The lien applies to two categories of persons: (1) those who impart added value to the property and (2) common carriers who are bound by law to accept and carry the goods.

(*George v. Walton* (1942), 36 Ohio App. 306, ___, 43 N.E.2d 515, 517.) In Illinois, a common carrier has a lien on goods delivered to it for carriage; the carrier is not bound to part with the goods until the charges are paid. *Schumacher v. Chicago & Northwestern Ry. Co.* (1904), 207 Ill. 199, 207; *Gregg v. Illinois Central R.R. Co.* (1893), 147 Ill. 550, 562.

■ Defendant argues that its services fall within both categories of common law liens. Defendant claims that its towing and cargo salvaging operations are so specialized as to qualify it as an artisan or, alternatively, that is is a common carrier entitled to a lien for carriage and storage charges. Plaintiff responds that defendant is not an artisan, citing a number of cases from Illinois and from foreign jurisdictions for the principle that mere towing of a vehicle, no matter how difficult or specialized the process may be, does not give rise to a common law lien. Most of these cases are distinguishable, as they involved towing of a vehicle without the owner's consent. (See, *e.g.*, *Kunde v. Biddle* (1976), 41 Ill. App. 3d 223, 225; *Younger v. Plunkett* (E.D. Pa. 1975), 395 F. Supp. 702, 708; see also *Murrell v. Trio Towing Service, Inc.* (Fla. App. 1974), 294 So. 2d 331.) Nonetheless, we agree with plaintiff that mere towing of a vehicle from one place to another does not 'add anything to the "intrinsic value" of the vehicle towed. *West Allis Industrial Loan Co. v. Stark* (1928), 197 Wis. 363, 365, 222 N.W. 310, 311.

■ We agree with defendant, however, that it is entitled to a lien as a common carrier. Defendant introduced its certificates from both the Interstate Commerce Commission and the Illinois Commerce Commission into evidence. As a common carrier, it is entitled to a lien for carriage charges. (*Schumacher v. Chicago & Northwestern Ry. Co.* (1904), 207 Ill. 199, 210.) Plaintiff does not directly challenge this conclusion, but argues that defendant towed the tractor without its consent. As an agreement is a necessary element of a common law lien, plaintiff's lack of consent would defeat defendant's lien. Although police have the power to remove disabled vehicles from highways, they may not create a lien upon a vehicle without the owner's consent. (*Younger v. Plunkett* (E.D. Pa. 1975), 395 F. Supp. 702, 710.) In the instant case, by granting defendant a lien on the tractor unit, the trial court implicitly found that plaintiff or its agent had consented to the towing.

Defendant alleged in its affirmative defense that it had permission to tow the truck. Plaintiff failed to respond to the affirmative defense and therefore is deemed to have admitted the allegations therein. (*Lundberg v. Gage* (1961), 22 Ill. 2d 249, 251.) Plaintiff contends, es-

sentially, that the testimony of defendant's witness contradicted this allegation. Plaintiff called John Allen as a witness pursuant to section 2—1102 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1102). During this testimony, he stated that the driver of the truck was not present when he, Allen, arrived at the scene. From this, plaintiff concludes that Allen's Corner Garage did not have permission for the tow except from the State Police. Allen also testified, however, that a representative from Seng was at the scene and that the entire unit was under Seng's control. Allen also testified that the driver came to defendant's place of business the following day. Later, testifying as a defense witness, he stated unequivocally that Allen's Corner Garage was authorized to make the tow. Although even defendant characterizes Allen's testimony as "ambiguous," the court could have concluded that the representative of Seng was authorized to and did give his consent to the towing or that the driver subsequently ratified these actions. Any conflicts in the evidence were for the trier of fact to resolve (*Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 932), and we cannot say that the court's finding that the truck was towed with consent was against the manifest weight of the evidence.

■ Having decided that defendant was entitled to a common law lien as a common carrier, we now turn to the question it raises on direct appeal, whether it may also claim a lien for storage charges. The rule has been stated that when a common carrier hauls freight and then stores it at the destination until claimed by the receiver, the carrier becomes a warehouseman and obtains a lien for storage charges. (*Schumacher v. Chicago & Northwestern Ry. Co.* (1904), 207 Ill. 199, 207; *Gregg v. Illinois Central R.R.* (1893), 147 Ill. 550, 562.) In those cases, the commodities involved, coal and grain, respectively, required special handling and storage. The carrier in each case sustained some inconvenience or expense by storing the property until the receiver was ready to remove it. (*Schumacher v. Chicago & Northwestern Ry. Co.* (1904), 207 Ill. 199, 210; *Gregg v. Illinois Central R.R.* (1893), 147 Ill. 550, 563.) In the present case, defendant did not keep the truck on its lot for the benefit of plaintiff, but did so only to preserve its lien rights. A garage owner is not entitled to a lien on a vehicle for storage in a garage. (*Rehm v. Viall* (1914), 185 Ill. App. 425.) As the court stated in *Johnson v. Throop Street Auto & Wagon Co.* (1924), 232 Ill. App. 513:

> "If defendant chose to insist upon its right of retainer, given by the law, and suffer the inconvenience of having a portion of the floor space of its garage taken up by the truck, this was its

privilege, but in exercising said right of retainer we do not think it had any authority under the law to add to the debt any charge for storage during the period the truck was so retained." 232 Ill. App. 513, 515.

Since defendant retained and stored the truck for no reason other than to be able to insist on its lien rights, the trial court was correct in denying it a lien for storage charges.

■■ Defendant attempts to argue that section 4—207 of the Illinois Vehicle Code provides it a statutory lien for storage charges. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—207.) Since this argument was not made before the trial court, we consider it waived. See, *e.g., Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.

In summary, the trial court correctly determined that defendant is entitled to a common law lien for towing the truck, but not for storage charges. Therefore, its judgment is in all respects affirmed.

Affirmed.

INGLIS and REINHARD, JJ., concur.